COMMONWEALTH *vs.* FREDERICK R. LEROY, JR.

Plymouth. July 13, 1978. — August 28, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Motor Vehicle,* Operation. *Practice, Criminal,* Verdict, Driver alcohol education program. *Constitutional Law,* Jury trial, Equal protection of laws.

Under the provisions of G. L. c. 90, §§ 24, 24D, and 24E, a judge has no authority to order the method of disposition which would not result in revocation of a defendant's license once a defendant has been found guilty of operating a motor vehicle under the influence of intoxicating liquor. [245]

A defendant convicted by a jury of operating a motor vehicle under the influence of intoxicating liquor was not denied equal protection of the laws by the fact that he was ineligible for alternative disposition under G. L. c. 90, §§ 24D and 24E. [245–246]

The choice imposed on a defendant by the provisions of G. L. c. 90, §§ 24 and 24E, whether to be tried by a judge or risk a greater penalty and be tried by a jury, does not unconstitutionally infringe on the defendant's right to a jury trial. [246–247]

COMPLAINT received and sworn to in the District Court of Brockton on August 15, 1977.

On appeal for trial by a jury of six, the case was tried before *Byron,* J.

The case was submitted on briefs.

*Albert E. Grady* for the defendant.

*Thomas E. Finnerty,* District Attorney, & *Thomas A. Hensley,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. At a de novo trial before a jury of six, see G. L. c. 218, § 27A, the defendant, Frederick R. LeRoy, Jr., was convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24. General Laws c. 90, § 24 (1) (*b*), provides that

on a conviction for operating a vehicle under the influence of intoxicating liquor the defendant's license is to be revoked. Following the jury verdict and pursuant to G. L. c. 90, §§ 24 (1) (*b*) and (*c*), the defendant's license was suspended for one year. The defendant sought to avoid the loss of his license after the verdict by moving for alternative disposition under G. L. c. 90, § 24E. The effect of a disposition pursuant to G. L. c. 90, § 24E, is that there is no conviction and, therefore, a defendant's license is not automatically revoked. The District Court judge denied this motion on the ground that he had no authority to set aside the jury verdict; he noted, however, that if he did possess such authority he would, in his discretion, allow the motion. It is from the denial of this motion that the defendant appeals to this court. See G. L. c. 218, § 27A. We affirm the decision of the District Court judge.

General Laws c. 90, § 24D, provides that a person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor may be placed on probation for one year and shall as a condition of probation be assigned to a driver alcohol education program; the establishment of such program is also provided for by G. L. c. 90, § 24D. General Laws c. 90, § 24E, as appearing in St. 1975, c. 505, § 2, provides that "[w]here a person has been charged with operating a motor vehicle under the influence of intoxicating liquor, and where the case has been continued without a finding and such person has been placed on probation with his consent and where such person is qualified for disposition under . . . [G. L. c. 90, § 24E], a hearing shall be held by the court at any time after sixty days but not later than ninety days from the date where the case has been continued without a finding to review such person's compliance with the program ordered as a condition of probation [under G. L. c. 90, § 24D] and to determine whether dismissal of the charge is warranted. . . . If the judge finds sufficient basis to conclude that said person has satisfactorily completed or is satisfactorily complying with said program the judge may enter a dismissal of the charge."

The defendant first contends that under G. L. c. 90, §§ 24, 24D, and 24E, the District Court judge did possess the authority to order the alternative disposition requested by him. We disagree. Section 24 (1) (b), provides for automatic revocation of a defendant's license on conviction,[1] and § 24 (1) (d), as amended by St. 1955, c. 198, § 2, states that "a person shall be deemed to have been convicted if he pleaded guilty or nolo contendere or was found or adjudged guilty by a court of competent jurisdiction, whether or not he was placed on probation without sentence or under a suspended sentence or the case was placed on file .... " The jury verdict of guilty satisfied this definition of "conviction" and required revocation of the defendant's license. Under G. L. c. 90, § 24E, two prerequisites for the alternative disposition sought by the defendant are that "a person has been charged with operating a motor vehicle under the influence of intoxicating liquor, and . . . [that] the case has been continued without a finding." The defendant's case was not continued without a finding; rather, a jury found him guilty of the charge. Thus, each of these sections taken alone and both of them construed together indicate that a judge has no authority to order the method of disposition which would not result in revocation of a defendant's license once a defendant has been found guilty of the offense charged. See J.R. Nolan, Criminal Law § 557 (1976).

The defendant next argues that this construction of the statute denies him equal protection of the law. He maintains that there is no rational basis for distinguishing

---

[1] "The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained." *Commonwealth* v. *Lockwood,* 109 Mass. 323, 325 (1872). Cf. *Forcier* v. *Hopkins,* 329 Mass. 668, 670-671 (1953), and cases cited; G. L. c. 233, § 21.

between those persons who are tried by a jury and are therefore ineligible for the alternative disposition sought in this case since the jury can only convict or acquit and those persons who are tried before a judge and are thus eligible for the alternative disposition. We find no merit in this claim. There is no constitutional equal protection right that such a method of disposition be available to all. See *Healy* v. *First Dist. Court of Bristol,* 367 Mass. 909 (1975). And the possibility that a more severe punishment might be accorded to those who choose to be tried by a jury does not constitute an invidious classification. See *North Carolina* v. *Pearce,* 395 U.S. 711, 722-723 (1969). See also *Brady* v. *United States,* 397 U.S. 742 (1970).

The defendant finally argues that, since he can only receive the disposition he seeks if he chooses to be tried by a judge, the statute infringes his right to a jury trial. We disagree. Not all government imposed choices in the criminal process which discourage the exercise of rights are impermissible. *Chaffin* v. *Stynchcombe,* 412 U.S. 17, 29-35 (1973). See *Gavin* v. *Commonwealth* 367 Mass. 331 (1975); *Mann* v. *Commonwealth,* 359 Mass. 661 (1971); *Walsh* v. *Commonwealth,* 358 Mass. 193 (1970). The possibility that a greater penalty will result from a jury trial than from the entry of a guilty plea has not been found to infringe impermissibly on the right to a jury trial. See *Santobello* v. *New York,* 404 U.S. 257 (1971); *Brady* v. *United States,* 397 U.S. 742 (1970). See also *Bordenkircher* v. *Hayes,* 434 U.S. 357 (1978); *Commonwealth* v. *Simpson,* 370 Mass. 119, 126-127 (1976). The fact that counsel could be obtained only at a type of proceeding in which the defendant risked greater penalties has been found permissible, *Middendorf* v. *Henry,* 425 U.S. 25, 46-48 (1976), and the possibility that a greater sentence might be imposed on retrial was not found to chill the defendant's right to appeal his conviction. *Chaffin* v. *Stynchcombe, supra.* See *Mann* v. *Commonwealth, supra* at 667. These decisions, and particularly those sustaining the validity of guilty pleas in which cases the defendants waived not

only the right to a jury trial but also the right to any trial, the privilege against self-incrimination and the right to confront one's accusers, see *Middendorf* v. *Henry*, *supra* at 47; *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969), lead us to conclude that the choice imposed on a defendant by G. L. c. 90, §§ 24 and 24E, does not unconstitutionally infringe on the defendant's right to a jury trial.

We think it appropriate to mention that there is no issue before us as to the power of a judge to allow a motion for a new trial if sufficient grounds are presented. See G. L. c. 278, § 29; c. 218, § 27A. The Commonwealth suggests, and we agree, that, after a jury verdict, trial judges are powerless to alter that verdict except by a motion for a new trial or by a motion for a directed verdict of not guilty.[2] G. L. c. 278, §§ 11, 29. G. L. c. 218, § 27A. To the extent that the defendant is suggesting that the sanction of loss of license should be discretionary with the judge after conviction by a jury as well as prior to conviction by a continuance without a finding, his suggestion is a major policy change which must be addressed to the Legislature.

We conclude that there was no error in the judge's denial of the defendant's motion for alternative disposition.

*Judgment affirmed.*

---

[2] On the view we take of §§ 24, 24D, and 24E, we need not reach the issue whether the result which the defendant urges would unconstitutionally infringe on the pardoning power of the Governor, see Part II, c. 2, § 1, art. 8, of the Massachusetts Constitution. "The pardon removes all legal punishment for the offence. Therefore if the mere conviction involves certain disqualifications which would not follow from the commission of the crime without conviction, the pardon removes such disqualifications." *Commissioner of the Metropolitan Dist. Comm'n* v. *Director of Civil Serv.*, 348 Mass. 184, 194 (1964), quoting from Williston, Does A Pardon Blot out Guilt? 28 Harv. L. Rev. 647, 653 (1915).