John B. ARNOLD, Jr.,
Plaintiff-Appellant,

v.

Robert A. PANORA, Registrar of Motor
Vehicles, Defendant-Appellee.

No. 78–1150.

United States Court of Appeals,
First Circuit.

Argued Sept. 15, 1978.

Decided Feb. 23, 1979.

Robert W. Hagopian, Cambridge, Mass., with whom John B. Miller, Cambridge, Mass., was on brief, for plaintiff-appellant.

Paul W. Johnson, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for defendant-appellee.

Before KUNZIG,* Judge, U. S. Court of Claims, CAMPBELL and BOWNES, Circuit Judges.

KUNZIG, Judge.

Appellant John B. Arnold (Arnold) seeks review of a district court decision dismissing as moot his constitutional attack on a Massachusetts statute dealing with persons charged with drunken driving. Arnold alleges that since only persons convicted of drunken driving *after a trial* (such as Arnold) lose their licenses, the statutory scheme places a penalty upon exercising the right to a trial. However, we agree with the district court that the reinstatement of Arnold's license moots this action and therefore affirm.

Under Massachusetts law, the license of a defendant convicted after a trial of operating a motor vehicle while under the influence of intoxicating liquor is to be revoked for one year. Mass.G.L. ch. 90, § 24(1)(b), (c)[1] ; *Commonwealth v. LeRoy,* —— Mass.

---

* Sitting by designation.

1. Mass.G.L. ch. 90, § 24(1)(b) reads:

"(b) A conviction of a violation of the preceding paragraph of this section shall be reported forthwith by the court or magistrate to the registrar, who shall revoke immediately the license or the right to operate of the person so convicted, and no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or right to operate."

——, 380 N.E.2d 128 (1978). A defendant who does not demand a trial, but rather admits to sufficient facts to support a conviction (generally referred to in Massachusetts as a "disposition without a finding") does not suffer automatic license revocation. Mass.G.L. ch. 90, § 24E[2]; *LeRoy, supra.*

Arnold was charged in state court in July 1975 with operating a motor vehicle while under the influence of intoxicating liquor.[3] He pleaded not guilty in the district court, was tried, and was found guilty. On August 11, 1975, Arnold's request for a disposition "without a finding" of guilt was denied,[4] since Arnold had been found guilty

The suspension must be for at least one year. Mass.G.L. ch. 90, § 24(1)(c).

2. Mass.G.L. ch. 90, § 24E reads in pertinent part:

\* \* \* \* \* \*

"Where a person has been charged with operating a motor vehicle under the influence of intoxicating liquor, *and where the case has been continued without a finding* and such person has been placed on probation with his consent and where such person is qualified for disposition under this section, a hearing shall be held by the court at any time after sixty days but not later than ninety days from the date where the case has been continued without a finding to review such person's compliance with the program ordered as a condition of probation and to determine whether dismissal of the charge is warranted.

"At said hearing the probation officer shall submit to the court a written report which shall include but shall not be limited to a written statement by the supervisor of any program of alcohol education and of any program of alcohol treatment, rehabilitation, or alcohol treatment and rehabilitation to which the court has assigned such person. Said statement shall consider such person's participation and attendance in each such court ordered program. The registrar shall submit a written report to the judge at said hearing regarding any entries made on said person's driving record in the period following placement in the program. If the judge finds sufficient basis to conclude that said person has satisfactorily completed or is satisfactorily complying with said program the judge may enter a dismissal of the charge. Appropriate orders relative to said person's participation in a program or relative to a 'later hearing may be made by the court at its hearing, subject to the duration of the one year term of probation.

"The probation officer supervising a person pursuant to the provisions of this section shall make a written report to the court if such person has failed to satisfactorily comply with a court ordered program or if such person's operation of a motor vehicle constitutes a threat to the public safety. Upon receipt of such report the court shall forthwith hold a hearing on the matter. If at such hearing the court shall determine that said person has failed to satisfactorily comply with said program or that said operation of a motor vehicle constitutes such a threat, the court shall forthwith notify the registrar of said finding and the registrar shall forthwith and without further hearing revoke said person's license or right to operate. Such revocation shall be for the remainder of the one year period from the date of revocation provided in paragraph (c) of subdivision (1) of section twenty-four. Said person shall thereafter be subject to the same conditions for issuance of a new license or right to operate as any person applying for a new license or right to operate following revocation as provided in paragraph (c) of subdivision (1) of section twenty-four. . . ." (Emphasis added.)

3. Mass.G.L. ch. 90, § 24(1)(a) reads:

"§ 24. Driving while under the influence of intoxicating liquor; drugs or vapors of chemicals; reckless and unauthorized driving; failure to stop after collision

"(1)(a) Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle while under the influence of intoxicating liquor, or of marihuana, narcotic drugs, depressants or stimulant substances, all as defined in section one of chapter ninety-four C, or the vapors of glue, shall be punished by a fine of not less than thirty-five nor more than one thousand dollars, or by imprisonment for not less than two weeks nor more than two years, or both such fine and imprisonment. A court or magistrate, before imposing sentence upon a person found guilty of a violation of this paragraph shall ascertain by inquiry of the office of the registrar or of the board of probation, or of both said offices, what records or other information said office has tending to show that said person has been convicted of a like offense by a court or magistrate of the commonwealth within a period of six years immediately preceding the commission of the offense with which he is charged."

4. The cases of those persons who admit sufficient facts to support a conviction are continued without a finding and eventually dismissed upon completion of a Driver Treatment Program.

In 1976, the Chief Justice of the Massachusetts District Court promulgated Bulletin 76–3

after a trial. His case was continued until September 9, 1975, in order to allow him additional time to decide if he wanted to exercise his right to a trial *de novo* in superior court.[5]

Robert A. Panora, the Registrar of Motor Vehicles (Registrar), revoked Arnold's license on September 7, 1975. Two days later, Arnold exercised his right to a trial *de novo. See* note 5, *supra.* On November 24, 1975, Arnold was found not guilty by the superior court[6] and the next day his license was reinstated. Arnold made an unsuccessful request to have the Registrar expunge the record of his conviction on February 18, 1976.

While the above sequence of events was taking place in state court, Arnold also sought relief in federal court. On August 26, 1975, he commenced a class action against the Registrar, seeking declaratory and injunctive relief due to the alleged unconstitutionality of these Massachusetts statutes. Arnold sought to file a supplemental complaint on November 19, 1975, further alleging that his July conviction was unconstitutional in that the state court judge had refused to decide whether the state statutes involved violated the United States Constitution.

In March 1976, the Registrar moved to dismiss the federal complaint on the ground *inter alia* of mootness. In November 1976, Arnold moved to certify the class. The three-judge district court that had been convened then remanded this action to the single district judge for determination of the issue of mootness. On February 27, 1978, the district judge allowed plaintiff's November 19, 1975 motion to file a supplemental complaint, *but then dismissed the entire case as moot.* At this point the *state* court case ·has been closed for over two years, and now the *federal* case is dismissed as moot. Arnold appeals from that dismissal and we affirm.

The district court was correct in holding this case to be moot since Arnold's license had been reinstated. Arnold attempts to circumvent this hurdle by claiming that there are collateral consequences emanating from the revocation that require expungement and preclude mootness. In simple language, he feels the matters involved are far from moot with regard to himself. Relying on *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), Arnold argues that damage to his reputation and possible economic discrimination at the hands of automobile insurance companies[7] will occur unless the record of his conviction and license revocation is expunged.

Arnold's reliance on *Sibron* is misplaced. *Sibron* turned on the fact that *legal* collateral consequences were involved. Here the possibility of any adverse *legal* consequences is precluded by the fact that Arnold had been found not guilty by the state court. It is, of course, true that Arnold may be called upon to state that he was once convicted. However, that he may have to answer a question in a certain way, and then qualify the answer with an explanation of his subsequent acquittal, is not a

---

which put forth a policy of treating defendants found guilty at trial equally with those who pled guilty or admitted sufficient facts to support a conviction. The Second District Court of Plymouth (where Arnold was tried) then began following this policy. However, this approach is no longer valid because of the decision of the Supreme Judicial Court of Massachusetts in *Commonwealth v. LeRoy,* Mass., 380 N.E.2d 128 (1978). That case held that the statutes involved *require* the license suspension of one convicted after a trial, and that any policy changes are up to the Legislature.

**5.** Massachusetts operates a two-tiered system of criminal procedure for certain offenses. A defendant is first tried before a judge in district court, and, if found guilty, has a right to a jury trial *de novo* in superior court. *See Ludwig v. Massachusetts,* 427 U.S. 618, 620–22 (1976). Under the Massachusetts Court Reform Act of 1978, Mass.St.1978, ch. 478, §§ 188–89, which went into effect January 1, 1979, a defendant has a right to a trial by jury without going through the first "tier."

**6.** Arnold waived a jury trial and was tried before a single judge.

**7.** Arnold provided in his complaint copies of various insurance forms which asked if the applicant had been convicted of drunk driving or had his or her license revoked.

**164**

legal collateral consequence.[8] Legal collateral consequences as used in *Sibron* relate to consequences "imposed on the basis of the challenged conviction." 392 U.S. at 57, 88 S.Ct. at 1900. However, Arnold has already successfully challenged his conviction in the state courts.

Arnold next relies on *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975), for supporting his argument that his cause is not moot. In *Bradford,* a prisoner claimed that a state was obligated to provide him certain procedural rights in considering his eligibility for parole. Before the case was argued before the Court, the prisoner received a complete release and thus had no further interest in the controverted state procedures. As in the present case, the party seeking to avoid mootness relied on the "capable of repetition, yet evading review" doctrine.

The Court, applying the test of *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), noted that, in the absence of a certified class, this doctrine is "limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Bradford, supra,* 423 U.S. at 149, 96 S.Ct. at 349. Neither element is found in Arnold's case.

It is true that Arnold's license was suspended for less than three months. However, the shortness of the period was due to the fact that Arnold was eventually cleared. A full one-year revocation would provide enough time to litigate this issue. *See Le-Roy, supra.* Furthermore, where the driver is never cleared, and thus the conviction remains, the "collateral consequences," which Arnold lacks, would still be present.

Nor is there a reasonable expectation that Arnold will again be subject to the alleged unconstitutional statutory procedure. Arnold would have to be again arrested for drunken driving, and he has provided no evidence that such an event is likely to happen. Arnold's case does not escape mootness by falling within this exception.

■ Arnold next argues that even if moot as to him, the case is not moot as to the other members of his class. Since Arnold's claim became moot prior to certification of the class, dismissal of the complaint was required. *Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Arnold argues that an exception should be made here, since the time period involved was so short that certification would always be precluded. *See Sosna, supra,* 419 U.S. at 402 n. 11, 95 S.Ct. 559. However, the full-year suspension, not to mention any later collateral effects, would provide sufficient time for a member of the class to file suit and seek certification.[9]

Arnold's second claim, raised in his supplemental complaint, that his conviction was unconstitutional because of the state court judge's refusal to decide the constitutionality issue, has also been mooted by his subsequent acquittal. *See Costerelli v. Massachusetts,* 421 U.S. 193, 196, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975).

■ Accordingly, we hold, upon careful consideration of all the briefs and submissions, and after oral argument, that dismissal of the complaint as moot was correct. The district court decision is affirmed.

*Affirmed.*

---

8. To hold otherwise would be to say that a defendant whose conviction is reversed on appeal is entitled to expungement of his record from arrest on.

9. Arnold in this regard is not representative of his alleged class, in that his revocation period was so short and he suffers no legal collateral consequences, due to his acquittal.