Edward Thomas ILLSLEY,
Plaintiff, Appellant,

v.

UNITED STATES PAROLE AND
PROBATION DEPARTMENT et
al., Defendants, Appellees.

No. 80–1327.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1980.

Decided Nov. 6, 1980.

William A. Brown, Boston, Mass., by appointment of the court, on brief, for plaintiff, appellant.

Edward F. Harrington, U. S. Atty., Boston, Mass., and Charles K. Mone, Asst. U. S. Atty., Boston, Mass., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Edward Illsley appeals the judgment of the district court dismissing his case and granting summary judgment for the defendants, the United States Parole Commission and the United States Parole and Probation Department.

Appellant was convicted in federal court in 1975 for violations of 18 U.S.C. § 2314 (interstate transportation of forged checks) and sentenced to ten years in prison. He was paroled to a halfway house in Portsmouth, Virginia, in February 1979 and was subsequently paroled to Massachusetts. On October 3, 1979, appellant was arrested in Massachusetts on a variety of state criminal charges and was confined by the Common-

wealth to await trial. On November 23, 1979, the United States Parole Commission (Parole Commission) issued a parole violation warrant based on the charges pending against appellant in Massachusetts, other state charges pending in Virginia that arose on August 27, 1979, and appellant's alleged violation of parole while still in Virginia. The warrant was left unexecuted, but a detainer was lodged against appellant on November 30, 1979 at the state institution where he was confined.

Appellant submitted a written request to the Parole Commission on December 14, 1979 for a preliminary hearing to determine if there existed probable cause to believe that he had violated a condition of his parole. *See* 18 U.S.C. § 4214(a)(1) (1976). He received no response and in late February 1980 initiated this action by filing in district court a petition for a writ of habeas corpus. On March 12, 1980, the Parole Commission informed appellant that it had considered the information in his letter of December 14 and had decided against favorable action; the Commission further stated that appellant would be provided with a copy of the warrant application upon being taken into federal custody.

Subsequently, appellant filed'motions for an injunction and a temporary restraining order to compel the Parole Commission to hold a probable cause hearing. He also moved for summary judgment dismissing the parole warrant and detainer. On April 17, 1980, the district court held an evidentiary hearing at which it was determined, *inter alia*, that the federal detainer had been withdrawn the previous day and that the parole violation warrant was being held in abeyance. *See* 28 C.F.R. § 2.44(b) (1979). Accordingly, the court declared the case moot and granted summary judgment in favor of the defendants. This appeal ensued.

■ Appellant challenges the procedure followed in his case by the Parole Commission, arguing that it violates both the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201–4218 (1976), and the constitutional rights of parolees. The district court characterized appellant's case as raising "a provocative issue concerning the Commission's statutory authorization to issue an unexecuted warrant and to lodge a detainer without granting the preliminary hearing required under [18 U.S.C.] § 4214." The practices contested by appellant, however, have ceased. Though it is true, as appellant argues, that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case moot," *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), it nevertheless must be established in such circumstances that a controversy sufficient to satisfy the requirements of article III continues to exist between the parties. *Preiser v. Newkirk*, 422 U.S. 395, 401–02, 95 S.Ct. 2330, 2334–2335, 45 L.Ed.2d 272 (1975). Appellant has failed to make this showing.

■ Appellant contends that the past acts of the Parole Commission are "capable of repetition, yet evading review" and his case is thus saved from mootness by the doctrine enunciated in *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). Under this doctrine, because appellant is pursuing his claims on his own behalf and not as a class representative his case would not be moot if it could be shown that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). *See Sosna v. Iowa*, 419 U.S. 393, 399–402, 95 S.Ct. 553, 557–558, 42 L.Ed.2d 532 (1975).

To satisfy the latter requirement, the likelihood of recurring conduct must be clear, *see, e. g., First National Bank of Boston v. Bellotti*, 435 U.S. 765, 774–75, 98 S.Ct. 1407, 1414–1415, 55 L.Ed.2d 707 (1978); *United States v. New York Telephone Co.*, 434 U.S. 159, 165 n.6, 98 S.Ct.

364, 368, 54 L.Ed.2d 376 (1977); *State Highway Commission v. Volpe*, 479 F.2d 1099, 1106 (8th Cir. 1973); *Marchand v. Director, U. S. Probation Office*, 421 F.2d 331, 334 (1st Cir. 1970). Appellant states that in the absence of injunctive relief, the Parole Commission will be free to lodge the detainer against him again. This may be true, but appellant offers no evidence to suggest that the Commission will do so. We have no reason to believe that the detainer will be relodged or that someday appellant will again be incarcerated, accused of a federal parole violation and subjected to the same procedures he challenges here. *Compare Arnold v. Panora*, 593 F.2d 161, 164 (1st Cir. 1979) (refusing to assume plaintiff would again be arrested for drunken driving and so become subject to allegedly unconstitutional statute). Appellant's "subjective fear" and "speculative contingencies" provide " 'no basis for our passing on the substantive issues [he] would have us decide . . . .' " *Preiser, supra*, 422 U.S. at 403, 95 S.Ct. at 2335, *quoting Hall v. Beals*, 396 U.S. 45, 49, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969). *See Marchand, supra*, 421 F.2d at 334.

Appellant next contends that the detainer lodged against him may cause him to lose good time credit accumulated on his federal sentence. He also argues that he could lose credit on his sentence for time spent in custody while the federal detainer was lodged. If these possibilities can be deemed "collateral consequences" of the disputed conduct within the meaning of *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), then appellant's case might not be moot. Cases since *Sibron* have catalogued a variety of collateral consequences. *See, e. g., Benton v. Maryland*, 395 U.S. 784, 790–91, 89 S.Ct. 2056, 2060–2061, 23 L.Ed.2d 707 (1969) (prior conviction grounds for (1) enhancement of sentence under habitual criminal statute and (2) impeachment of character); *Street v. New York*, 394 U.S. 576, 579 n.3, 89 S.Ct. 1354, 1359, 22 L.Ed.2d 572 (1969) (conviction grounds for disciplinary action by employer).

■ The present case is, however, distinguishable from the *Sibron* line of cases on two grounds. First, "collateral consequences" as described in *Sibron* are ones "imposed on the basis of the challenged conviction." 392 U.S. at 57, 88 S.Ct. at 1899. While the warrant and detainer contested in this case operate as parts of the mechanism that may eventually bring appellant before the Parole Commission for a parole revocation hearing, *see* 18 U.S.C. §§ 4213, 4214 (1976), it is difficult to see how they will provide a basis for a decision by the Commission. Should appellant lose his good time credit and credit for his time on conditional release, it will be because he is found to have violated the conditions of his parole, not because he was subject to a detainer. *See Wilkerson v. United States Board of Parole*, 606 F.2d 750 (7th Cir. 1979) (per curiam); *Lambert v. Warden, U. S. Penitentiary*, 591 F.2d 4, 8 (5th Cir. 1979) (per curiam).

■ Second, manifest in *Sibron* and its progeny is an awareness that upon conviction, a defendant's only hope of avoiding collateral consequences is through appeal. Here, there has as yet been no determination of appellant's status as a parole violator. Appellant will have ample opportunity in hearings before the Parole Commission, *see* 18 U.S.C. § 4214 (1976), to make his arguments against a revocation of credit on his federal sentence. Should he lose, avenues of potential relief will then be open to him. *See* 18 U.S.C. § 4215 (1976) (providing for appeals from Commission decisions to regional and then national boards); 28 C.F.R. §§ 2.24, 2.25, 2.26 (1979) (implementing appeal provisions). We thus affirm the district court's dismissal of the challenge to the detainer.

Appellant makes the further argument that the allegedly improper detainer prevented him from making bail and that the lower court's finding to the contrary is not supported by sufficient evidence. Because the detainer has been withdrawn and there is no challenge to the outstanding warrant in abeyance, this issue is also moot.

**4**

Finally, appellant maintains that the district court should not have "permitted the unconstitutional detainer from [sic] depriving [him] of either his good time or credit time spent in custody of the detainer." As discussed *supra*, the outcome of the Parole Commission's determination is at present wholly speculative and appellant will not want for opportunities to challenge a decision once it has been made. Any ruling by this or the lower court on the length of appellant's remaining sentence would be, as the lower court declared, premature.

*Affirmed.*