Ben **LOETERMAN, et al., Plaintiffs, Appellants,**

v.

**TOWN OF BROOKLINE, et al., Defendants, Appellees.**

No. 82–1945.

United States Court of Appeals, First Circuit.

Argued May 3, 1983.

Decided June 8, 1983.

See also 524 F.Supp. 1325.

Philip S. Lapatin, Boston, Mass., with whom Gaston Snow & Ely Bartlett, Mitchel S. Ross, and Bernkopf, Goodman & Baseman, Boston, Mass., were on brief, for plaintiffs, appellants.

Janet B. Fierman, Boston, Mass., with whom Cathleen Cavell, Brookline, Mass., David Lee Turner, Boston, Mass., and Roger R. Lipson, Brookline, Mass., were on brief, for defendants, appellees.

Francis X. Bellotti, Atty. Gen., and Gerald J. Caruso, Asst. Atty. Gen., Boston, Mass., on brief for the Attorney General.

Before COFFIN and BOWNES, Circuit Judges, and BONSAL,* Senior District Judge.

BONSAL, Senior District Judge.

Plaintiffs Ben and Mardi Loeterman appeal from a decision of the United States District Court for the District of Massachusetts, McNaught, J., granting summary judgment to defendants Town of Brookline, the Rent Control Board of Brookline, and the Attorney General of Massachusetts.[1] Finding that the controversy has become moot, we vacate the judgment of the dis-

---

* Of the Southern District of New York, sitting by designation.

1. The district court permitted the Attorney General to intervene in the action as a party defendant. The defendants will be referred to collectively as "the Town."

trict court and remand the case to it with instructions to dismiss the complaint.

The Loetermans brought this action to have an amendment to Brookline's Rent and Eviction Control Bylaw, known as the "Ban Amendment", declared unconstitutional as an illegal taking under the Fifth and Fourteenth Amendments, and to enjoin the Town from enforcing the Amendment. The district court, in a Memorandum and Order dated November 6, 1981 (reported at 524 F.Supp. 1325), held that the Ban Amendment did not amount to a taking of the Loetermans' property without just compensation, and accordingly granted summary judgment to the Town. The Loetermans appealed and, following the argument on appeal, the United States Supreme Court decided *Loretto v. Teleprompter Manhattan CATV Corp.,* —— U.S. ——, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). We remanded the case to the district court for reconsideration in light of *Loretto* and to permit the development of a more complete record on issues raised by that decision. On December 1, 1982 the district court issued a Memorandum and Order granting the Town's renewed motion for summary judgment. This appeal followed.

### I.

Since our decision does not address the merits of this case, the facts can be stated briefly. The Ban Amendment is the latest in a series of measures taken by the Town of Brookline to control the conversion of rental housing into condominium units. It amends section 9(a)(8) of Article XXXVIII of the Town's bylaws to provide that, "no action shall be brought under this paragraph to recover possession of a condominium unit from a tenant who has occupied the unit continuously since a time prior to the recording of any master deed for the condominium." The Amendment was enacted at a town meeting on May 7, 1979 and approved by the Attorney General on August 14, 1979. The purpose of the Amendment was to alleviate the "increasing shortage of rental housing accommodations" in the Town, particularly for "families of low and moderate incomes and elderly persons on fixed incomes." The preamble to the Amendment further states that it is intended to provide "time for the community to study and consider long term solutions for this housing problem."

On March 29, 1979, approximately five and a half weeks before enactment of the Ban Amendment, the Loetermans entered into an agreement to purchase a condominium unit at 149 Beaconsfield Road in Brookline. They took title to the property on May 17, 1979 but were unable to move in, as the tenant occupying it had lived there continuously since a time prior to the recording of the condominium's master deed. However, the Loetermans were able to collect rent from the tenant. The Town's rent control bylaw provides that rents for controlled units shall be "established at levels which yield to landlords a fair net operating income." Since they purchased their unit, the Loetermans have twice applied for and received increases in the rent chargeable to their tenant.

In its initial decision, the district court held that the Ban Amendment had not effected a taking of the Loetermans' property because "the Loetermans had no legitimate expectation of occupying their condominium at the time they purchased it," and because "the Ban Amendment does not operate to deny the Loetermans an economically viable and reasonable use of their property." Following the remand ordered by this court, the district court concluded that the Supreme Court's decision in *Loretto* was inapplicable to the facts of this case and again ruled in favor of the Town. The Loetermans' appeal from that decision is now before us.

### II.

During oral argument on May 3, 1983 counsel for the Loetermans informed us that the tenant who had been occupying their condominium unit had moved out at the end of the preceding month, so that it was available for occupancy by the Loetermans. Accordingly, the Town contends that the controversy has become moot. We

asked both sides to file memoranda of law on the issue of mootness, which they have done. The Town urges us to hold the case moot because, under the terms of the Ban Amendment, the Loetermans can now occupy their condominium unit and thus neither party has a "legally cognizable interest in the outcome" of the case. *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969). The Loetermans argue that a decision as to mootness is discretionary and that where, as here, there is an important public interest at stake, a court should exercise its discretion to resolve the merits of the case. They also contend that their action presents an issue which is "capable of repetition, yet evading review," requiring the court to take jurisdiction. *See Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

In *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), the Supreme Court stated that "jurisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (citations omitted). Both conditions are satisfied here. There is no reasonable expectation that the Loetermans will again be denied the right to occupy a newly-purchased condominium unit. Furthermore, their tenant's decision to vacate the unit entitles the Loetermans to the precise relief that they were seeking to have the court award them: the right to occupy their condominium unit. Thus, the issue presented by the Loetermans' action is no longer "live". *See Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1182, 71 L.Ed.2d 353 (1982) (*per curiam*); *Powell v.*

*McCormack,* 395 U.S. at 496, 89 S.Ct. at 1950.

A federal court may assume jurisdiction over an otherwise moot case if the dispute underlying it is found to be "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). In the absence of a class action, this doctrine is "limited to the situation where two elements [are] combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam); *Illsley v. United States Parole & Probation Dept.,* 636 F.2d 1, 2 (1st Cir.1980) (*per curiam*), cert. denied, 450 U.S. 1032, 101 S.Ct. 1744, 68 L.Ed.2d 228 (1981). The Loetermans assert, without elaborating, that their suit contains both of these elements.[2] We disagree.

The "challenged action" here—the Ban Amendment—will presumably remain in effect until the Town adopts a long-term solution to its rental housing shortage. There is no reason to believe that the duration of the Amendment will be too short to permit full litigation of a claim challenging its validity. *See DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974) (*per curiam*); *Arnold v. Panora,* 593 F.2d 161, 164 (1st Cir.1979). Indeed, the force of the Loetermans' argument that the Amendment constitutes a taking derives from the indefinite life of the Amendment. Moreover, as stated above, the Loetermans have not made "a reasonable showing that [they] will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons,* —— U.S. ——, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Therefore, the "capable of repetition, yet evading review" doctrine does

---

2. The Loetermans cite the decision of the Massachusetts Supreme Judicial Court in *Grace v. Town of Brookline,* 379 Mass. 43, 48 n. 11, 399 N.E.2d 1038, 1041 (1979), in support of this argument. In *Grace* the court chose to review the validity of an earlier amendment to the Brookline rent control bylaw on the ground

that the issue was capable of repetition, yet evading review. However, the Massachusetts court was not bound by the "case or controversy" requirement of Article III of the United States Constitution and thus its view of the mootness issue in *Grace* cannot provide support for the Loetermans' position here.

not apply here and we hold that the case is moot.[3]

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded to the district court with instructions to dismiss the Loetermans' complaint.

---

**3.** The Loetermans also contend that the case is not moot because, although injunctive relief may no longer be necessary, they have a claim for damages against the Town, under *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), if the Ban Amendment is declared unconstitutional. However, their complaint, filed before *Owen* was decided, does not seek damages from the Town and they have not sought to amend it since to include such a claim. The record reveals that the purpose of their action was simply to gain possession of the condominium unit which they had purchased.