In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3948

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ABDULLAH SHABAZZ, also known as DANIEL CLINCY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 CR 127--J.P. Stadtmueller, Chief Judge.

Argued September 29, 2000--Decided October 6, 2000/*

Before EASTERBROOK, RIPPLE and EVANS, Circuit Judges.

PER CURIAM.  Abdullah Shabazz seeks review of the sentence of supervised release imposed after he was found to have violated his parole. Because Mr. Shabazz already has completed that portion of the supervised release period that was to be served in a community corrections facility, we cannot address the legality of such a condition on his supervised release. For the reasons set forth in this opinion, however, we hold that the district court should not have imposed a three-year term of supervised release. We therefore remand this case with directions that the court set the term within the one-year maximum permitted by statute.

I
BACKGROUND

  Abdullah Shabazz entered a plea of guilty to misprision of felony on July 30, 1999. The district court imposed a sentence of five years of probation commencing July 30, 1999. It also imposed a one-year period of supervised release as well as a restitution obligation.
  On October 6, 1999, Mr. Shabazz's probation officer filed a Petition to Revoke Probation on the ground that Mr. Shabazz had not complied with the conditions of probation. Consequently, Mr. Shabazz was arrested on November 4, 1999, and appeared with counsel before the district court

the following day. At that hearing, Mr. Shabazz waived his right to a revocation hearing and stipulated to the accuracy of five of the six violations set forth in the Petition to Revoke Probation and the Revocation Hearing Report. The district court denied defense counsel's request to modify the probation pursuant to U.S.S.G. sec. 7B1.3(a)(2). The court then revoked Mr. Shabazz's probation and sentenced him to six months in prison and three years of supervised release. As a condition of this sentence of supervised release, Mr. Shabazz was ordered to spend 161 days in a community corrections facility. Neither Mr. Shabazz nor his counsel objected to the district court's imposition of the 161 days in a community corrections facility as a condition of Mr. Shabazz's supervised release, nor did they object to the three-year period of supervised release.

Mr. Shabazz then filed a timely notice of appeal on November 12, 1999. Appellate counsel filed a no-merit brief and motion to withdraw. This court denied counsel's motion to withdraw and ordered him to file a brief addressing the issue of whether the district court was authorized by statute to require that the defendant reside at a community corrections facility as a condition of his supervised release. After the filing of the new briefs, counsel filed a motion asking that the court take notice that the sentence of supervised release for a period of three years was in excess of the statutory maximum of one year permitted by 18 U.S.C. sec. 3583(b)(3). The Government filed a reply that noted its agreement with the defendant on this latter point. We directed that the motion and the Government's reply be treated as supplemental briefs.

II
DISCUSSION
1.

Mr. Shabazz has argued to this court that the district court erred in imposing, as a condition of supervised release, that he serve the first 161 days of his period of supervised release in a community corrections facility. Mr. Shabazz contends that this condition is not permitted by the terms of 18 U.S.C. sec. 3583(d). At oral argument, however, counsel informed us that Mr. Shabazz already had completed that period of his supervised release that was to be served in a community corrections facility. Moreover, counsel was aware of no collateral consequences that still might burden Mr. Shabazz because of the imposition of that condition. Nor is it likely that Mr. Shabazz will find himself in this situation again and that the matter necessarily would evade review. See Weinstein v. Bradford,

423 U.S. 147, 149 (1975). With respect to Mr. Shabazz's present sentence, there is no possibility of such repetition. It is a matter of pure speculation as to whether Mr. Shabazz will ever again find himself under such a sentence and in circumstances in which review will not be possible. See Preiser v. Newkirk, 422 U.S. 395, 403 (1975). Under these circumstances, Mr. Shabazz's argument is moot and cannot be addressed by this court.

2.

The parties are in agreement that the district court erred in sentencing Mr. Shabazz to a period of supervised release of three years. Although this matter was not raised before the district court, we can address it as a matter of plain error. See United States v. Hall, 212 F.3d 1016, 1022 (7th Cir. 2000) (noting that challenges raised for the first time on appeal are waived and, therefore, reviewed only for plain error); see also United States v. Bauer, 129 F.3d 962, 964 (7th Cir. 1997) (holding that under the plain error standard, this court will only reverse a district court if the error at issue is "palpably wrong" and likely would have resulted in a different sentence) (internal quotations omitted).

We agree with the assessment of the parties. Misprision of felony is punishable by a term of imprisonment not to exceed three years. See 18 U.S.C. sec. 4. A person found guilty of an offense punishable by a term of imprisonment of not more than three years is guilty of a Class E felony. See 18 U.S.C. sec. 3581(b)(5). The term of supervised release for a Class E felony is not more than one year. See 18 U.S.C. sec. 3583(b)(3). Accordingly, we must vacate the sentence imposed by the district court and remand the case to the district court with the direction that it impose a sentence of supervised release that does not exceed the statutory maximum of one year. See 18 U.S.C. sec. 3583(b)(3).

At oral argument, counsel represented to the court that Mr. Shabazz soon will have fulfilled the maximum period of supervised release allowable under the statute. We therefore trust that the district court will attend to this matter as soon as its other obligations permit and make the adjustment required by this opinion.

Conclusion

The sentence imposed by the district court is vacated, and the case is remanded. The district court is directed to correct the sentence of

supervised release so that it does not exceed the
statutory maximum of one year. The mandate of
this court shall issue immediately.

IT IS SO ORDERED


/* This opinion was released initially in typescript
form.