# United States Court of Appeals
## For the First Circuit

No. 03-2289

UNITED STATES OF AMERICA,

Appellee,

v.

PATRICK K. MAZZILLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Circuit Judge,

John R. Gibson,[*] Senior Circuit Judge,

and Howard, Circuit Judge.

Mary A. Davis with whom Tisdale & Davis, P.A. was on brief, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

June 28, 2004

[*]Of the Eighth Circuit, sitting by designation.

**Per Curiam**. Patrick Mazzillo appeals the revocation of his supervised release and resulting imprisonment. Mazzillo pleaded guilty to conspiracy to possess heroin with the intent to distribute and was sentenced to eight months in prison and three years of supervised release. One condition for Mazzillo's supervised release was that he not engage in criminal conduct. The district court found that Mazzillo violated this condition by possessing controlled substances. As a result, the court revoked his supervised release and sentenced him to an additional eight months of imprisonment. The court also ordered that upon Mazzillo's "release from imprisonment, [his] term of supervised release shall be terminated." Bureau of Prisons records indicate that Mazzillo completed serving his sentence on March 29, 2004. This case was argued and taken under advisement by this court on April 6, 2004.

Based on these facts, we questioned our jurisdiction to decide this appeal because the question of the propriety of the revocation order appeared moot. See Matos v. Clinton Sch. Dist., 367 F.3d 68, 72 (1st Cir. 2004) ("[A] cognizable case or controversy must exist not merely at the time an appeal is taken, but at all subsequent stages of appellate review."); García-Velazquez v. Frito Lay Snacks Carribean, 358 F.3d 6, 8 (1st Cir. 2004) (stating that an appellate court has an obligation to satisfy itself of jurisdiction in every case). We ordered Mazzillo to show

-2-

cause why we shouldn't conclude that a live controversy no longer existed. Mazzillo responded that under prevailing case law his appeal was moot but asked us nevertheless to consider the appeal under the rule that courts may review otherwise moot cases where the issue is capable of repetition but will evade review. See S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 514 (1911). We decline the invitation. An appeal from an order revoking supervised release is ordinarily moot if the sentence is completed before the appeal is decided. See Spencer v. Kemna, 523 U.S. 1, 18 (1998) (declaring moot a challenge to an allegedly erroneous parole revocation because the defendant had already served his entire sentence); United States v. Myers, 200 F.3d 715, 723 (10th Cir. 2000) (declaring moot a challenge to a revocation of supervised release where the defendant completed the term of imprisonment resulting from the revocation); United States v. Clark, 193 F.3d 845, 847-48 (5th Cir. 1999) (per curiam) (applying Spencer to dismiss as moot a challenge to the district court's extension of supervised release); United States v. Probber, 170 F.3d 345, 348-49 (2d Cir. 1999) (applying Spencer and dismissing as moot a challenge to the district court's revocation of supervised release). Because Mazzillo does not dispute that he has completed his sentence and has provided no adequate legal basis for distinguishing or departing from the cited authority, his appeal is moot.

Mazzillo's claim does not fall within the exception to the mootness doctrine for cases that are capable of repetition but will evade review. This doctrine is reserved for cases in which the party asking the court to exercise jurisdiction can demonstrate that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." United States v. Reid, --F.3d--, 2004 WL 1197360 (1st Cir. May 27, 2004) (quoting Spencer, 523 U.S. at 17). Mazzillo's claim fails this second prong because there is no reason to expect that he will again face the revocation of a supervised release period.

The Supreme Court addressed a similar claim in Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). There, a prisoner sued the North Carolina Board of Parole concerning the procedures by which the Board granted parole requests. Id. at 147. While the appeal was pending, the prisoner was granted parole, thereby mooting the case. The Supreme Court rejected the prisoner's argument that his appeal nevertheless could be considered under "the capable of repetition, yet evading review" exception because there was "no demonstrated probability that the respondent" would again be eligible for parole. Id. at 419. Similarly, Mazzillo has not demonstrated that he will ever be in the position of challenging an order revoking his supervised

release.[1]  See Arnold v. Panora, 593 F.2d 161, 164 (1st Cir. 1979) (stating that case does not fall within second Weinstein exception where there was no evidence that party again would be arrested). The "capable of repetition, yet evading review" exception therefore does not provide a basis for jurisdiction.

**Dismissed**.

---

[1] We note also that it was not a foregone conclusion that Mazzillo's sentence would have expired before we could have decided his appeal.  He could have moved to stay the imposition of sentence pending appeal and/or moved for expedited consideration of his appeal.  He did neither.