NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010
Decided June 23, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1221

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | 04 CR 348-1 |
| ROSA CARBAJAL-VEGA, | |
| *Defendant-Appellant*. | Blanche M. Manning, |
| | *Judge*. |

**O R D E R**

Rosa Carbajal-Vega was charged and convicted in August 2005 of preparing false income tax returns pursuant to 26 U.S.C. § 7206(2), and thereafter sentenced to a term of five years of probation. In January 2010, the district court found that Carbajal-Vega was in violation of the terms of her supervision and revoked her probation and imposed a sentence of confinement for five months. Carbajal-Vega filed a notice of appeal, and her court-appointed counsel, after review, concluded that the appeal was frivolous and without merit and filed a motion with the court to dismiss the appeal and withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Carbajal-Vega has not responded to counsel's motion. *See* CIR. R. 51(b).

Since the defendant-appellant has served her five-month term of imprisonment, her appeal is now moot (her release date was June 11, 2010), and the district court did not order any additional term of supervised release. Since Carbajal-Vega is no longer confined and has fully complied with the terms of her sentence, any challenge to the revocation of the previously proposed probation is moot unless she complied with the terms of her sentence and can establish that she continues to suffer collateral consequences as a result of the revocation. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Since counsel has failed to bring any collateral consequences to the attention of the court nor has he identified any stemming from the revocation of probation, and since the defendant Carbajal-Vega has nothing to gain from an appeal of her revocation, we no longer have jurisdiction over the appeal. *See Spencer*, 523 U.S. at 7-8; *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007); *United States v. Mazzillo*, 373 F.3d 181, 182 (1st Cir. 2004); *United States v. Trotter*, 270 F.3d 1150, 1152-53 (7th Cir. 2001); *United States v. Shabazz*, 230 F.3d 899, 901 (7th Cir. 2000).

We **GRANT** defendant-appellant counsel's motion to withdraw and **DISMISS** the appeal.