James T. **HYLAND**, Petitioner, Appellant,

v.

**DEPARTMENT OF CORRECTION, COMMONWEALTH OF MASSACHUSETTS**, Respondent, Appellee.

Misc. 482.

United States Court of Appeals, First Circuit.

July 15, 1971.

sentence, defendant, pursuant to a Massachusetts statute, obtained 50 days credit for contributions to the blood bank. Mass.G.L. c. 127 § 129A. Thereafter, prior to the service of his entire sentence, he was paroled. While on parole defendant committed another offense. For this his parole was revoked. Subsequently he was convicted and is now serving time for the later offense. He sought to have the state Superior Court apply what he says is his accumulated blood credit to this sentence. From an adverse ruling he took no appeal, but, instead, brought this petition.

The Commonwealth takes the position that defendant obtained the benefit of his credit at the time that he was paroled. This is an internal Massachusetts matter, and may well be correct. But even should it be totally incorrect, the concept that a prisoner may obtain a floating credit to be applied to a future sentence, incurred as a result of a subsequent crime, would mean that he has in effect a license to commit an offense up to the amount of credit he has on the books. In other words, supposing after discharge, with an unused credit of 50 days, a defendant commits a misdemeanor with a maximum 30-day sentence. On the presently advanced theory he would not be sentenced at all, but would have a free pass. To state the matter in these terms is to answer it.

Secondly, defendant claims that he served certain "dead time" while incarcerated awaiting trial for the offense committed while he was on parole, for which he is entitled to credit under Mass.G.L. c. 127 § 129B. The Commonwealth says this "time" was caused by and is to be attributed to his violation of parole. The proper construction of the Massachusetts statutes is an internal matter and does not conceivably involve constitutional issues. *Cf.* Pratt v. State of Maine, 1 Cir., 1969, 408 F.2d 311.

We also agree with the magistrate's views that petitioner has not exhausted his state court remedies. The certificate of probable cause for appeal is denied.

John P. Higgins, Waltham, Mass., for petitioner on application for certificate of probable cause and memorandum in support thereof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an application for a certificate of probable cause, the district court having dismissed, without hearing, defendant Hyland's petition for a writ of habeas corpus upon an opinion by a magistrate, and refused a certificate.

In this case we have reached what we hope is the ultimate limit of nonsense. While confined under a 1961