David Earle **JOHNSON,**
Petitioner–Appellee,

v.

Chase **RIVELAND,**
Respondent–Appellant.

No. 85–2817.

United States Court of Appeals,
Tenth Circuit.

Sept. 2, 1988.

Robert M. Petrusak, Asst. Atty. Gen. of Colorado, Denver, Col. (Duane Woodard, Atty. Gen. of Colorado, Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, Colo. were also on the Brief), for respondent-appellant.

William R. Durland, Wallingford, Pa., for petitioner-appellee.

Before HOLLOWAY, Chief Judge, and McWILLIAMS and BALDOCK, Circuit Judges.

HOLLOWAY, Chief Judge.

This appeal involves a petition for habeas corpus brought by a Colorado prisoner, David Earle Johnson. In state court, Johnson was convicted on three counts of aggravated robbery and sentenced to three consecutive terms of 13–40 years. In his habeas petition, Johnson claimed that the denial of credit for time spent in pretrial confinement, with respect to both the maximum and minimum terms imposed, violated the Equal Protection Clause of the Fourteenth Amendment. While the petition was pending in the federal district court, the State granted Johnson parole on September 27, 1985. Nonetheless, the district court granted relief, holding that Johnson was entitled to credit for time spent in pretrial confinement against both the maximum and minimum terms imposed. *Johnson v. Riveland*, 620 F.Supp. 1425, 1426 (D.Colo.1985).

Even though Johnson had already been paroled prior to the district court's ruling, the State does not press here an argument that the case was moot or urge a disposition here on this ground. The petitioner does not deal with mootness on appeal by any detailed analysis, although he urges a decision on the merits here in his favor.[1]

---

1. The State's brief says that when the district     court ruled, because petitioner "had already

Nonetheless, we have considered the issue of mootness on our own motion and conclude that the case is moot. In regard to the challenge to the denial of credit against the *minimum* term which determined the initial parole date, this issue became moot when Johnson was paroled. And since the State had already granted presentence confinement credit against the *maximum* term before the decision of the district court, and does not challenge the merits of such credit on appeal, this also is not an issue at controversy. Accordingly, we vacate the district court's opinion and judgment and remand with directions to dismiss for mootness.

## I

### The factual background

On April 11, 1974, Johnson was arrested on three counts of aggravated robbery. Unable to post bond set at $6500, Johnson spent 463 days in a county penal facility prior to trial. Subsequently, Johnson was convicted on all three counts of aggravated robbery, which were punishable by imprisonment for 5–40 years. Colo.Rev.Stat. §§ 18–1–105, 18–4–302(3) (1978). On July 17, 1975, the trial court sentenced Johnson to three consecutive terms of imprisonment for 13–40 years. On February 29, 1980, the Governor of Colorado commuted Johnson's sentence by reducing the minimum term to 11 years on each of the three counts. On June 10, 1982, the Governor again commuted Johnson's sentence, reducing the minimum term to 7 years on each of the three counts.[2]

Johnson then filed an application for postconviction relief in state court, requesting credit for the time he had spent in pretrial confinement. The Colorado district court granted relief, ordering the State Department of Corrections to credit Johnson for 463 days against both the minimum and maximum terms. Although the Department of Corrections granted Johnson full credit against the maximum term, it refused to give any credit with respect to the minimum term. The state district court then issued a writ of mandamus, ordering the Department of Corrections to apply the credit against both the minimum and maximum sentences. The Colorado Court of Appeals reversed, holding that the district court lacked jurisdiction to modify the sentence after it had been commuted by the Governor. The Colorado Supreme Court denied certiorari.

On January 21, 1985, Johnson filed his habeas petition in the United States District Court for the District of Colorado. As noted, while that petition was pending in the district court, Johnson was released on parole. Subsequently the district court granted habeas relief on November 21, 1985, holding that the Equal Protection Clause entitled Johnson to credit on both the minimum and maximum terms. The State of Colorado appealed. On appeal, the State has conceded that Johnson is entitled to credit against the maximum term, but

been granted presentence confinement credit against the maximum term of his sentence, *the district court's order directing respondent to grant presentence confinement credit against the maximum term of his sentence was superflous. Respondent does not challenge that portion of the district court's order.*" Opening Brief of Respondent at 4. (emphasis added). The State's brief does further state that Respondent does challenge the portion of the district court's order directing Respondent to grant petitioner presentence confinement credit against the *minimum* term of his sentence and urges reversal of that part of the order. *Id.* at 4–5.

Petitioner states that as a result of seven court appearances over some three and one-half years, "Petitioner now finds himself finally paroled 463 days later than the law allowed. He

now has no remedy. Petitioner, nevertheless, pursues this case originally motivated by a hope for an earlier parole because the decision still bears upon him technically as he remains under the control of the Department of Corrections, and further, because in a more fundamental consideration of fairness, a favorable decision may benefit many others who have been subject to a denial of fundamental fairness while remaining incarcerated." Brief for Petitioner–Appellee at 12–13. We note, however, that this is not a class action. *Preiser v. Newkirk,* 422 U.S. 395, 402, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975).

**2.** In both commutations, the Governor specifically stated that the maximum sentence was to remain the same.

argues that this right does not apply to the minimum term.

## II

### *Mootness*

■ While the parties did not suggest mootness in the district court or on this appeal, "it has long been recognized that a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Tafoya v. U.S. Department of Justice,* 748 F.2d 1389, 1390 (10th Cir.1984). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). Further, we have noted:

> A federal court's inability "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3 [84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347] (1964).... "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 [92 S.Ct. 402, 404, 30 L.Ed.2d 413] (1971) (per curiam)....

*Tosco Corp. v. Hodel,* 804 F.2d 590, 591 (10th Cir.1986).

Johnson urges the court to recognize a federal constitutional right that under equal protection principles, he is entitled to credit for presentence confinement to reduce both his minimum and maximum sentence. As a matter of either state or federal law, this is an issue of public interest with regard to discrimination against indigent defendants. *See Griess v. State of Colorado,* 841 F.2d 1042, 1048 (10th Cir.

1988). But despite significant public interest, we cannot ignore the requirements of Article III under which the exercise of judicial power depends upon the existence of a case or controversy. *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705–06, 40 L.Ed.2d 164 (1974). And "the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction." *Id.* (quoting *North Carolina v. Rice,* 404 U.S. at 246, 92 S.Ct. at 404)).

Consequently, we will consider the issue of mootness even though neither party has challenged the district court's power to rule. We turn first to the mootness question with respect to Johnson's minimum sentence of thirteen years on each count.

### A

### *Minimum sentence*

■ As noted, the Governor of Colorado commuted Johnson's sentence in 1980 and 1982, effectively reducing the minimum sentence to seven years on each count. As a result, Johnson became eligible for parole and was, in fact, granted parole on September 27, 1985.[3] We think these circumstances, present before the ruling of the district judge was made, rendered moot Johnson's claim regarding credit against the minimum sentence.

Under Colorado law, the only significance of a minimum prison term is the fact that the prisoner then becomes eligible for parole. Colo.Rev.Stat. §§ 17–2–201(4)(a), 17–2–204(1), § 17–22.5–104(1) (1986); *see Espinoza v. Tinsley,* 159 Colo. 62, 409 P.2d 835, 838 (1966). As a result, the only effect of the district court's award of credit against the minimum term would be to expedite Johnson's eligibility for parole by 463 days. As noted, however, Johnson had already received parole before the district court's decision. Consequently, once Johnson was granted parole, the issue of his entitlement to credit against the minimum

---

**3.** Without credit against the minimum term, Johnson became eligible for parole on November 11, 1985. With the credit, he became eligible for parole on about August 5, 1984. Petition for Habeas Corpus at 3. Though Johnson has claimed that he was paroled "463 days later than the law allowed", *see* note 1 *supra,* the date of parole does not collaborate that chronological assertion.

term was no longer capable of judicial resolution. *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir.1986); *Corbett v. Luther*, 778 F.2d 950, 953 (2d Cir.1985); *see also United States ex rel Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir.1984) (habeas challenge to validity of parole regulations is moot because of petitioner's release on parole while appeal was pending); *Granville v. United States*, 613 F.2d 125, 126 (5th Cir.1980) (dispute relating to previous denial of parole is moot as a result of habeas petitioner's release on parole while the appeal was pending); *Brady v. U.S. Parole Commission*, 600 F.2d 234, 236 & n. 2 (9th Cir.1979) (same); *Pinnon v. Ciccone*, 611 F.2d 252, 253 (8th Cir.1979) (appeal is moot as a result of Parole Commission's acceleration of habeas petitioner's presumptive parole date after district court's decision).

*Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), and its progeny are not to the contrary. In *Carafas*, a habeas petitioner's sentence expired and he was released before a ruling by the Supreme Court. Nevertheless, the Supreme Court granted certiorari and held that expiration of the sentence did not terminate federal habeas jurisdiction, stating:

It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these "disabilities or burdens [which] may flow from" petitioner's conviction, he has "a substantial stake in the judgment" of conviction which survives the satisfaction of the sentence imposed on him. On account of these "collateral consequences," the case is not moot.

*Id.* at 237–38, 88 S.Ct. at 1559 (quoting *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)) (footnotes omitted).

The Court limited the *Carafas* doctrine in *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). In *Lane*, two defendants pleaded guilty to burglary in state court. Under state law, this offense was punishable by imprisonment for an indeterminate number of years and a mandatory three year parole term. Both defendants served their sentences and were released on parole. Subsequently, however, they were rearrested and returned to prison as parole violators. On habeas, they claimed that the trial court violated the Due Process Clause of the Fourteenth Amendment by failing to inform them of the mandatory parole term before accepting their guilty pleas. The district court granted relief and the Seventh Circuit affirmed.

The Supreme Court vacated the Seventh Circuit's decision and held that the claims were moot as a result of the expiration of the mandatory parole period after the district court's decision. The Court noted that the petitioners were only challenging their sentences, and not their convictions, stating:

Since respondents elected only to attack their sentences, and since those, sentences expired during the course of these proceedings, this case is moot. "Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."

*Id.* at 631, 102 S.Ct. at 1327 (quoting *North Carolina v. Rice*, 404 U.S. 244, 248, 92 S.Ct. 402, 405, 30 L.Ed.2d 413 (1971)).

We think *Lane* dictated dismissal here of Johnson's claim regarding credit against the minimum sentence. Johnson is not challenging his convictions or sentence, but only the way that his minimum sentence was computed. *See Illsley v. United States Parole and Probation Department*, 636 F.2d 1, 3 (1st Cir.1980), *cert. denied*, 450 U.S. 1032, 101 S.Ct. 1744, 68 L.Ed.2d 228 (1981); *Brady v. U.S. Parole Commission*, 600 F.2d at 236 & n. 2; *cf. McKinney v. Taylor*, 358 F.2d 689, 690 (10th Cir.1966) ("good time [credit] does not reduce the period of the original sentence but instead determines how much of the sentence must be spent within the confines of the prison"). Johnson has already served the mini-

mum sentence as commuted and has not shown any direct or collateral consequences that will survive his release on parole.[4] *See Vandenberg v. Rodgers,* 801 F.2d at 378; *United States ex rel Graham v. United States Parole Commission,* 732 F.2d at 850; *see also Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir.1982), *cert. denied* 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed. 2d 1310 (1983) (habeas petitioner's claim that he was erroneously required to "work off" court costs by remaining in jail two extra days is moot as a result of his subsequent release, since he "allege[d] no collateral consequences of the extra two days of jail time"), *appeal dismissed and cert. denied,* 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed. 2d 1310 (1983).

Johnson's claim for relief does not come within the exceptions to the mootness doctrine. He is not challenging the underlying conviction or sentence, which even if completely served, imposes collateral legal consequences and disabilities. *See Lane v. Williams,* 455 U.S. at 631–32, 102 S.Ct. at 1326–27; *Carafas,* 391 U.S. at 237–38, 88 S.Ct. at 1559–60; *Sibron v. New York,* 392 U.S. 40, 57–58, 88 S.Ct. 1889, 1899–1900, 20 L.Ed.2d 917 (1968) (citing *St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943)). Additionally, Johnson's claim for post-parole credit to be applied toward his minimum sentence does not fit within the exceptional cases which are not class actions but are "capable of repetition, yet evading review."[5] Johnson has obtained parole and will not face again the issue of serving the minimum sentence which is determinative of an *initial* parole date.

▇ Apparently, Johnson's contention is that he would obtain a new presumptive parole date if his parole is revoked, and that the 463 day credit should be applied against this potential reparole date. Substantial reasons weigh against any grant of such relief.

We are not persuaded there is any legitimate interest or necessity in making a first impression determination that a paroled offender is entitled to credit against a term resulting from a parole revocation.

---

**4.** At oral argument before us Johnson's counsel argued that the case was not moot because the denial of credit could prolong Johnson's imprisonment if his parole was revoked. Similarly, counsel argued in opposing the State's motion for a stay in the district court: "The matter is not moot and his future may still be affected adversely depending upon how the law presently views his minimum and maximum sentences, or in the event of a revocation of parole and a hearing thereon." Motion to Deny Stay at 1. We disagree. Even if the State revoked Johnson's parole, the only effect would be reimprisonment for the duration of his original sentence. Colo.Rev.Stat. § 17–22.5–203(2) (1986). If such reimprisonment occurred the original minimum sentence, which is involved here, would no longer be of *any* significance. It is true that Johnson might have been paroled earlier if he had received the desired credit of 463 days against the minimum sentence. However, if parole is revoked, the time spent on parole would have no bearing on the time Johnson would ultimately have to serve on his original sentence. Colo.Rev.Stat. §§ 17–2–207(4), 17–22.5–203(1) (1986); *see People v. Emig,* 676 P.2d 1156, 1161 (Colo.1984).

**5.** In the absence of a class action, the court can proceed if two elements are combined:
(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and
(2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.
*Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975); *see also Murphy v. Hunt,* 455 U.S. 478, 482–83, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353 (1982). The "capable of repetition, yet evading review" doctrine is limited to the situation where these two elements are combined. *Weinstein,* 423 U.S. at 149, 96 S.Ct. at 349; *Murphy,* 455 U.S. at 482–83, 102 S.Ct. at 1183–84. There must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving Johnson as the complaining party. *Id.* In Johnson's situation, the application and effect of the credit for presentence confinement on the minimum term requisite for *initial* parole has expired and will not arise again as Johnson serves and completes his sentence. "A determination by this Court of the legal issue tendered by the parties is no longer necessary to compel the result, and could not serve to prevent it." *DeFunis,* 416 U.S. at 317, 94 S.Ct. at 1706. We find this case indistinguishable from *DeFunis* where the Court concluded that "in no event will the status of DeFunis now be affected by any view this Court might express on the merits of this controversy." *Id.*

We have already rejected such a "credit card" theory with regard to credit which may be banked against future or unperpetrated criminal offenses when an offender establishes entitlement to a credit arising from a prior conviction. *See Bowen v. Murphy*, 693 F.2d 104, 105 (10th Cir.1982) (giving convicted individuals a line of credit for future crimes gives a sense of immunity and an incentive to engage in criminal conduct); *see also Hyland v. Department of Correction*, 445 F.2d 867, 868 (1st Cir. 1971) (a floating future credit to be applied to a future sentence resulting from a subsequent crime would mean the offender has "in effect a license to commit an offense up to the amount of credit he has on the books."); *Bryant v. Warden*, 776 F.2d 394, 396 (2d Cir.1985), *cert. denied*, 475 U.S. 1023, 106 S.Ct. 1216, 89 L.Ed.2d 327 (1986) ("Like criminal activities, parole violations should be discouraged; allowing an individual to bank time erroneously served for a parole violation, to the contrary, would encourage such infractions.")[6]

■ Finally, it is clear that Johnson has received the benefit which a credit for presentence confinement entitles him to have as an offender serving three consecutive sentences. "When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment." *Schubert v. People*, 698 P.2d 788, 795 (Colo.1985); *see also People v. Etts*, 725 P.2d 73, 74 (Colo.App.1986); *People v. Middleton*, 704 P.2d 326, 327 (Colo.App.1985);

*People v. Nealous*, 703 P.2d 624, 625 (Colo. App.1985). The prohibition by the Colorado courts against duplicate credit being applied to each of the consecutive sentences, while allowing credit against each concurrent sentence, achieves the purpose of assuring that the defendant will receive credit for the full period of presentence confinement against the total term of imprisonment. *Schubert*, 698 P.2d at 795.

We therefore conclude that the district court erred in deciding the merits of the moot claim relating to credit for pretrial confinement against the minimum sentence.

### B

#### *Maximum sentence*

■ With regard to the maximum sentence, neither the facts nor the arguments offered by Johnson demonstrate a live controversy necessitating a decision on the merits. The State has granted credit for the presentence confinement against the maximum term to be served and does not raise any issue on appeal concerning that credit. Opening Brief of Appellant at 4; *see* note 1, *supra.*

Johnson maintained at argument that by vacating the federal district court's order which mandated credit on both the minimum and maximum sentence, we would leave the State free rein to revoke the credit already granted against the maximum sentence. This theoretical possibility must be weighed against the explicit concessions made by the State.[7]

---

6. Johnson faces the hurdle of establishing that the conduct resulting in the revocation has a "substantial nexus between such a charge or conduct and the period of confinement for which credit is sought," *Schubert v. People*, 698 P.2d 788, 794–95 (Colo.1985), and that the parole violation was not a separate and independent cause of confinement. Such a potential relationship is speculative and without effect where Johnson is serving three consecutive sentences, as discussed *infra.*

7. The State Department of Corrections granted credit against the maximum sentence pursuant to the state district court order granting Johnson's motion for postconviction relief. Subsequently, the Colorado Court of Appeals denied Johnson a writ of mandamus to enforce the

order, holding that the Governor's two commutations of the sentence divested the state courts of jurisdiction to modify the sentence. As a result, Johnson argues that a reversal of the federal district court's grant of habeas relief would leave the Department of Corrections free to revoke the credit already granted.

The State explicitly states that it does not challenge the portion of the federal district court's order which mandates credit be given for the 463 days towards the maximum sentence. It further concedes that "[b]ecause the trial court imposed the largest possible maximum term, it obviously did not credit petitioner with the 463 days that he spent in presentence confinement against the maximum term of his sentence." Opening Brief of Appellant at 4.

The Supreme Court addressed a similar situation in *Defunis* and found the State's acknowledgement and conduct sufficed as the basis for the Court's determination that the appellant had obtained relief. DeFunis sought admission to a state's law school and was granted admission and enrolled during the pendency of the appeal. *De-Funis*, 416 U.S. at 315–17, 94 S.Ct. at 1705–06. The Court stated:

> The respondents, through their counsel, the Attorney General of the State, have professionally represented that in no event will the status of DeFunis now be affected by any view this Court might express on the merits of this controversy. And it has been the settled practice of the Court, in contexts no less significant, fully to accept representations such as these as parameters for decision.

*Id.* at 317, 94 S.Ct. at 1706 (citations omitted). Here the Attorney General of Colorado has made such representations on behalf of the State.

The Court noted that mootness in *De-Funis* depended not on the voluntary cessation of the conduct which was the subject of the litigation, but the fact that DeFunis had obtained his desired relief, gaining admission, and had achieved the consequence, the opportunity to complete law school. *Id.* at 318, 94 S.Ct. at 1706–07. Similarly, Johnson has obtained both the minimum term requisite for being paroled and the consequential opportunity to complete his sentence as a parolee rather than as an imprisoned offender.

We have no reason to doubt the State's profession that Johnson's entitlement to

---

The denial of credit is the basis of Johnson's constitutional claim that equal protection is thus denied when time spent in presentence confinement is not credited against the maximum sentence. There is a body of law, subsequent to the Supreme Court's decisions in *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970) and *Tate v. Short*, 401 U.S. 395, 397–98, 91 S.Ct. 668, 670–71, 28 L.Ed.2d 130 (1971), which holds, under the Equal Protection Clause, that an indigent, unable to pay fines or post bail, is entitled to credit against the maximum sentence for the time spent in presentence confinement. *See e.g., Crowden v. Bowen*, 734 F.2d 641, 642 (11th Cir.1984); *Jackson v. State of Alabama*, 530 F.2d 1231, 1237 (5th Cir 1976); *King v. Wyrick*, 516 F.2d 321, 323 (8th Cir.1975); *Hook v. Arizona*, 496 F.2d 1172, 1174 (9th Cir.1974); *accord Godbold v. Wilson*, 518 F.Supp. 1265, 1269 (D.Colo.1981) (citing circuits holding a constitutional right to presentence credit even where the total sentence is below the maximum); *but cf. Matthews v. Dees*, 579 F.2d 929, 931 (5th Cir. 1978) (no broad constitutional right to credit for presentence confinement though pursuant to *Williams* this right exists where the offender is subjected to imprisonment beyond the statutory maximum solely because of indigency); *compare Doyle v. Elsea*, 658 F.2d 512, 515 (11th Cir.1981) (federal statutory right entitles offender to credit only against the arrest-related sentence); *see also Faye v. Gray*, 541 F.2d 665, 667–68 (7th Cir.1976) (discusses circuit cases where credit is due regardless of sentence imposed and where a less than maximum sentence invokes a presumption of credit). The Colorado Supreme Court has consistently refused to find a federal constitutional basis entitling the indigent offender to presentence confinement credit. *See People v. Turman*, 659 P.2d 1368, 1373–74 (Colo.1983). The Colorado Court has recog-

nized a statutory entitlement to presentence confinement credit arising from a 1979 amendment to § 16–11–306 which requires an award of credit for pretrial detention. Colo.Rev.Stat. § 16–11–306 (1985 cum.supp); *see Schubert v. People*, 698 P.2d 788, 793 (Colo.1985). Johnson does not qualify for this mandatory credit as the Colorado Supreme Court has refused to apply the statute retroactively, holding that the amendment is applicable only if the offense was committed after June 31, 1979. *E.g., Godbold v. District Court*, 623 P.2d 862, 864 (Colo.1981) *modified on other grounds, People v. Scott*, 626 P.2d 1130 (Colo.1981). We recognize that a conflict exists between the Colorado Supreme Court's interpretation of *Williams* and *Tate* and some of the derivative holdings of the federal courts of appeals and the federal district court in *Godbold v. Wilson*. However, it is not necessary for us to determine the merits of this issue as it applies to Johnson because the State has conceded the underlying denial of credit and implemented a corrective to provide credit against the maximum sentence.

The State's concession and lack of challenge are distinguishable from those instances where the government which sentenced the offender challenges the relief ordered by a prior court ruling and reserves its right to revoke such relief if the appellate review reverses the district court. *See Allen v. Hadden*, 738 F.2d 1102, 1106 n. 4 (10th Cir.1984); *Garafola v. Wilkinson*, 721 F.2d 420, 422 n. 1 (3d Cir.1983), *cert. denied*, 466 U.S. 905, 104 S.Ct. 1681, 80 L.Ed.2d 155 (1984); *Lynch v. United States Parole Commission*, 768 F.2d 491, 496 (2d Cir.1985); *Gill v. Garrison*, 675 F.2d 599, 600 (4th Cir.1982). While, in this instance, the State's good-faith compliance with the state district court's order with regard to the maximum sentence is not dispositive of the mootness question, we cannot ignore this element of the State's representation.

presentence credit against the maximum sentence will be respected. Johnson does not claim any impropriety in the manner in which this credit has been calculated. Lacking any basis for assuming the State will arbitrarily revoke that which has been granted and represented to this court as an unchallenged issue, we find no live controversy warranting a decision on the merits. Any future relitigation of this issue between the parties is unhindered if we vacate the district court's judgment and remand with directions to dismiss for mootness. *United States v. Munsingwear,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1951).

### III

Accordingly the district court's opinion and judgment are VACATED and the cause is REMANDED with directions to dismiss for mootness.