Joseph **PERRY**, Plaintiff,

v.

A. **BEELER**, et al., Defendants.

No. 89 C 7487.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1989.

Joseph Perry, pro se.

Anton R. Valukas, U.S. Atty. by Marsha A. McClellan, Asst. U.S. Atty., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

After pleading guilty to violations of 18 U.S.C. §§ 1342, 1344, and 2314, petitioner Joseph Perry was sentenced to three years of imprisonment and five years of probation. Near the completion of his prison sentence, Perry was released to a community treatment center. On June 6, 1989, Perry failed to return to the center at the designated time, and he was not apprehended until June 12. Subsequently, a federal grand jury returned an indictment charging Perry with escape. For purposes of determining whether Perry violated any prison regulations, the prison disciplinary hearing officer conducted a hearing. Notwithstanding Perry's absence from the hearing, the hearing officer found that Perry's conduct warranted the revocation of his work release status and the forfeiture of sixty days of statutory good time. Rather than appealing the decision or otherwise requesting administrative review, Perry filed this petition for a writ of habeas corpus. Upon receipt of Perry's petition, the Bureau of Prisons gave Perry notice that another hearing would be held on November 6, 1989. Once again, the hearing officer found that Perry's failure to return to the treatment center constituted a prohibited act and that the forfeiture of statutory good time was an appropriate penalty. However, the hearing officer reduced the amount of time forfeited to thirty days, changing Perry's release date to November 19, 1989. Perry did not seek administrative review of this decision.

In seeking habeas relief, Perry claims that he has been deprived of his right to due process. Specifically, Perry argues that he was not afforded proper notice and a prompt hearing prior to the revocation of his statutory good time. Since the date set for Perry's release has already passed,

however, this court is presented with the question of mootness. This mootness issue is not to be confused with the separate question of jurisdiction. Jurisdiction is a statutory question, focusing on whether Perry has satisfied the "in custody" requirement of 28 U.S.C. § 2241(c). Mootness, on the other hand, is of constitutional dimension, related to the article III "case or controversy" requirement.

Perry has been released and is currently serving his probation sentence. Because probation constitutes "custody" for purposes of a habeas corpus action, Perry has satisfied the jurisdictional prerequisite of section 2241(c). *See Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir.1977); *Hahn v. Burke*, 430 F.2d 100, 102 (7th Cir.1970), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971); *see also United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir.1980). Insofar as Perry's habeas petition requests immediate release, his subsequent discharge from prison moots this case to that extent. *Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir.1983). But the revocation of statutory good time is not inconsequential by virtue of Perry having completed his term of incarceration. The decision to revoke statutory good time directly affects the commencement and expiration of Perry's probation sentence. As a result, Perry retains a personal stake in the outcome of the proceedings. *See Martin v. Luther*, 689 F.2d 109, 112 (7th Cir. 1982). Thus, there is a sufficiently justiciable controversy between the parties.

Nonetheless, respondent contends that Perry's petition should be denied because he has failed to exhaust his administrative remedies. The Seventh Circuit has ruled that a federal prisoner cannot bring a habeas corpus action until he has exhausted his administrative remedies within the prison system. *Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir.1987); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987). The Bureau of Prisons has a formal system of administrative review under which prisoners such as Perry may appeal an adverse decision of the disciplinary hearing officer. *See* 28 C.F.R. §§ 542.10 to 542.16 (1988). Perry does not deny that he has failed to exhaust his administrative remedies. On two separate occasions, he simply chose not to appeal the hearing officer's findings with respect to the alleged escape. The court is not unaware of the fact that the administrative process is now unavailable to Perry because an administrative appeal would be untimely. *See id.* § 542.15 (appeal must be filed within twenty days of hearing officer's decision). Unfortunately for Perry, his personal decision to forego an administrative appeal constitutes a waiver. Perry has not shown cause for his failure to appeal. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Unable to demonstrate that his decision to file a habeas claim (and abandon his right to appeal) was other than a conscious choice, Perry is foreclosed from complaining of the unavailability of administrative remedies.

Accordingly, this court denies Perry's petition for a writ of habeas corpus.