951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Alfonso WARE, Petitioner-Appellant,
v.
Dareld KERBY, Warden, Respondent-Appellee.
 No. 90-2126.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The district court dismissed Robert Ware's petition for habeas corpus under 28 U.S.C. § 2254 (1988) because he had already been released from prison and therefore did not satisfy the "in custody" requirement of that statute. We affirm.
 
 
 3
 In state habeas proceedings, Mr. Ware unsuccessfully challenged the enhancement of his sentence as an habitual offender under N.M.Stat.Ann. § 31-18-19 (1978) on the grounds that the enhancement proceedings were initiated only after his release from prison on the underlying conviction. While Mr. Ware's federal habeas claim was pending in district court, the New Mexico Supreme Court decided that a court retained jurisdiction to enhance a sentence under the same statute only so long as the person remained in custody. March v. State, 109 N.M. 110, 112, 782 P.2d 82, 84 (1989) (initiation of enhancement proceedings after release disturbs reasonable expectations of finality and therefore offends double jeopardy protection). By that time, however, Mr. Ware had also finished serving his enhanced sentence. The district court dismissed on the basis of the magistrate's recommendation that "[w]here a petitioner attacks only his sentence rather than his conviction and that sentence expired during the course of the habeas corpus proceedings, this court will lack jurisdiction to then decide the petition. Lane v. Williams, 455 U.S. 624, 631 (1982); Johnson v. Riveland, 855 F.2d 1477, 1482 (10th Cir.1988)." Rec. vol. I, doc. 20 at 1.
 
 
 4
 Mr. Ware concedes the general point, but argues that his claim is nonetheless justiciable because it is "capable of repetition yet evading review." Appellant's Brief-in-Chief at 9. That doctrine applies only when the challenged action is both too short in duration to be fully litigated and reasonably likely to be repeated against the same complaining party. Johnson, 855 F.2d at 1482 n. 5. The Supreme Court has instructed us to "assume that [Ware] will conduct [his] activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct." O'Shea v. Littleton, 414 U.S. 488, 497 (1974) (claims that criminal justice system is unconstitutionally discriminatory not "capable of repetition yet evading review"). Consequently, we do not believe that Mr. Ware will be subjected to a recurrence of the circumstances he challenges here. Cf. City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (claim not capable of repetition because plaintiff cannot show likelihood of being victim of further chokeholds by Los Angeles police).
 
 
 5
 Finally, we note that even if Mr. Ware could overcome the barrier of mootness, he would remain outside the scope of habeas review because he is not "in custody" as required by 28 U.S.C. §§ 2241(c)(3), 2254(a). See Maleng v. Cook, 109 S.Ct. 1923, 1926 (1989) ("in custody" requirement does not extend to "situation where a habeas petitioner suffers no present restraint from a conviction"); Lane, 455 U.S. at 631 (if petitioner attacks sentence and not conviction, and sentence has expired during habeas proceedings, federal court lacks jurisdiction). The mandate shall issue forthwith.
 
 
 6
 Accordingly, we AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3