959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Mary Jane WAGNON, individually and as Administratrix of the
Estate of James Dean Lucas, Deceased; and Linda C. Lucas,
individually and as Administratrix of the Estate of Curtis
James Lucas, Deceased, Defendants-Appellants.
 No. 91-5088.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this statutory interpleader action, 28 U.S.C. § 1335, Defendants appeal the district court order denying their motion seeking payment of interest from Plaintiff on the interpleaded funds. We determine that, in light of the default judgments entered against both Defendants, their motion for interest was moot. See Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir.1988) (court may raise issue of mootness sua sponte). If the record incorrectly reflects that the default judgments remain in effect, then, in the alternative, we hold that the district court did not abuse its discretion in denying Defendants' motion.
 
 
 3
 This controversy arises out of a fatal automobile accident caused by Plaintiff's insured. Defendants have both claimed an interest in the remaining proceeds of an automobile insurance policy covering Plaintiff's insured. Faced with these adverse claims, Plaintiff commenced this interpleader action on December 22, 1986. Despite Plaintiff's assertions to the district court that it had deposited the insurance proceeds at issue with the court registry, through "inadvertence or otherwise," Appellants' App. at 17, Plaintiff actually failed to do so.
 
 
 4
 On July 2, 1987, in light of Defendants' failure to appear or otherwise answer the interpleader complaint, the district court clerk entered defaults against both Defendants. The district court entered judgment on the defaults September 8, 1987.
 
 
 5
 Almost three and one-half years later, on February 1, 1991, Defendants filed the motion at issue in this appeal, which notified the district court of Plaintiff's failure to deposit the insurance proceeds in the court registry and sought an order requiring Plaintiff to pay Defendants the interest which would have accrued during the time that the funds should have been deposited with the court. Plaintiff responded with an application for leave to deposit the funds at issue in the court's registry. The district court granted the application, directing Plaintiff to pay into the court registry the sum of $6,666.60, and denied Defendants' motion for interest. Defendants appeal only the denial of interest.
 
 
 6
 A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue. See, e.g., Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 132-33 and 133 n. 4 (4th Cir.1984); New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95-96 (2d Cir.1983); see also General Accident Group v. Gagliardi, 593 F.Supp. 1080, 1089 (D.Conn.1984) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted."), aff'd, 767 F.2d 907 (2d Cir.1985).
 
 
 7
 The record before this court indicates that the default judgments entered against both Defendants have not been vacated or set aside. In light of those default judgments, Defendants no longer have any legally cognizable interest in the remaining insurance proceeds. Defendants' motion for interest was, therefore, moot. In the alternative, if the actual state of the record is otherwise and Defendants do have an interest in the interpleader fund, we hold that the district court did not abuse its discretion in denying Defendants' motion for interest.
 
 
 8
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3