961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry SUTTON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 91-1327.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1992.
 
 1
 Before SEYMOUR, STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Harry Sutton appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.
 
 
 6
 Sutton commenced this action in response to various constitutional violations he alleged occurred in connection with his parole revocation hearing. He alleged that the United States Parole Commission denied him the right to confront witnesses against him at the hearing and denied him due process by not providing the copies of documents, in particular his presentence report, which were relied upon by the Commission in making its determination. Sutton also alleged that only one examiner was present at the hearing, in violation of the Commission's regulations.
 
 
 7
 The government has informed us that on March 5, 1992, Sutton was released on parole. Therefore, we sua sponte raise the issue of whether this appeal is moot. See Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir.1988). If this case is moot, we must dismiss the appeal because we do not have the "power to decide questions that cannot affect the rights of litigants in the case before [us]." North Carolina v. Rice, 404 U.S. 244, 246 (1971).
 
 
 8
 Construing his complaint liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Sutton appears to contend that because his parole revocation hearing was conducted in violation of his constitutional rights, the Commission's decision was invalid, and he should be returned to parole status. Sutton is not attacking his underlying conviction or his sentence. See Johnson, 855 F.2d at 1482; Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir.1986).
 
 
 9
 Sutton is now on parole status. Therefore, he has obtained his goal of having the "opportunity to complete his sentence as a parolee rather than as an imprisoned offender." Johnson, 855 F.2d at 1484. We cannot grant Sutton any relief. This appeal is moot.
 
 
 10
 The district court's order and judgment is VACATED, and the case is REMANDED to the United States District Court for the District of Colorado with directions to dismiss for mootness. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950).
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3