33 F.3d 63
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Kay GECK, aka Mary Kay Lehman, Defendant-Appellant.
 No. 93-8128.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 BALDOCK
 
 1
 On July, 27, 1993, Defendant pleaded guilty to one count of manufacturing and aiding and abetting the manufacture of marijuana, 21 U.S.C. 841(a)(1); 18 U.S.C. 2, and was sentenced to four months imprisonment, followed by two years of supervised release. During the pendency of this appeal, Defendant completed her sentence, and was released from prison.
 
 
 2
 Defendant's appeal challenges only her sentence. Defendant claims the district court's decision to sentence her to four months imprisonment, instead of "house arrest," violated her right to due process and constituted cruel and unusual punishment. The government responds that Defendant's claims are moot, as Defendant has already completed her sentence. We agree with the government.
 
 
 3
 In Carafas v. LaVallee, 391 U.S. 234, 237 (1968), the Supreme Court held that a petitioner's challenge of his conviction is not rendered moot by the fact that the underlying sentence has expired. The Court explained that certain disabilities--i.e., collateral consequences--result from a conviction, such as the ability to vote, or serve on a jury. Id. The existence of these collateral consequences gives the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him," and his case is not moot. Id.
 
 
 4
 The Carafas rule, however, does not apply when the Defendant purports to challenge his sentence, and the sentence has been fully served. In Lane v. Williams, 455 U.S. 624 (1982), the respondents had filed habeas petitions challenging their sentences, which, they alleged, were imposed in violation of due process. While the case was pending on appeal, they completed their sentences and were released. The Supreme Court held that in this circumstance, the respondents claims were moot, stating:
 
 
 5
 Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. "Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."
 
 
 6
 Id. at 631 (quoting North Carolina v. Rice, 404 U.S. 244, 248 (1971)). Because respondents sought only to "remov[e] the consequence that gave rise to the constitutional harm"--i.e., the sentences--and because the sentences had already expired, the Court determined it could no longer grant the respondents any effective relief. See id. at 631.
 
 
 7
 In Johnson v. Riveland, 855 F.2d 1477, 1481-82 (10th Cir.1988), we applied the Lane rule and held moot a defendant's challenge to the computation of his sentence. We noted that the defendant "has already served the minimum sentence as com[p]uted and has not shown any direct or collateral consequences that will survive his release on parole." Id. at 1481-82.
 
 
 8
 In the instant case, as in Lane, Defendant challenges only her prison sentence. Defendant's sole contention is that it was unconstitutional for the district court to deny her the right to serve "house arrest" instead of a prison term. Thus, as in Lane, the Defendant is seeking only to "remov[e] the consequence that gave rise to the [alleged] constitutional harm," see Lane, 455 U.S. at 631. Because Defendant's claimed consequence--i.e., her prison sentence--has come to an end, and because Defendant has demonstrated no direct or indirect collateral consequences that survive her release from prison, see Johnson, 855 F.2d at 1481-82, we hold Defendant's claim is moot.[3]
 
 
 9
 DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. The case is therefore submitted on the briefs
 
 
 [3]
 Although Lane and Johnson involved petitions for habeas corpus, we see no reason why the rules in those cases should not be applied to this direct criminal appeal