48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eduardo GARCIA, Petitioner-Appellant,
v.
Dareld L. KERBY; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 94-2000.
(D.C. No. CIV-90-951-SC)
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1995.
 
 ORDER AND JUDGMENT[1] Before ANDERSON, BALDOCK,
and BRORBY, Circuit Judges.[2]
 BOBBY R. BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Eduardo Garcia (petitioner), an inmate in the custody of the New Mexico Department of Corrections, appeals the district court's order denying him federal habeas relief under 28 U.S.C. 2254.[3] On appeal, petitioner asserts three grounds for relief: 1) the state denied him due process when it forfeited his accrued meritorious good time credits; 2) the state denied him equal protection because it failed to grant him meritorious good time credits while he was on parole; and 3) the state deprived him of due process as a result of the manner in which the state conducted a hearing to revoke his parole. We review the district court's factual findings only for clear error and its legal determinations de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). Upon consideration of the record and the parties' written arguments, we affirm the district court's decision in part and vacate in part and remand this case to the district court.
 
 
 2
 Following an evidentiary hearing, the magistrate judge, whose recommendation the district court adopted, found that the state had not forfeited any meritorious good time credits that petitioner had already earned. Because this finding was not clearly erroneous, the district court properly denied petitioner habeas relief on his first claim.
 
 
 3
 Neither the magistrate judge nor the district court addressed the merits of petitioner's equal protection claim. We must, therefore, remand this claim to the district court for its consideration in the first instance.
 
 
 4
 In his third claim, petitioner challenged the procedures by which the state revoked his parole. Respondents assert, however, that petitioner has since been released again on parole. Petitioner does not dispute this, and there is evidence in the record to support respondents' assertion. Petitioner, therefore, has already received all the relief he sought on this claim. Because petitioner is not challenging his conviction and because he has not asserted any collateral consequences that will result from the Parole Board's determination that he violated the conditions of his parole, see generally Lane v. Williams, 455 U.S. 624, 630-33 (1982); Johnson v. Riveland, 855 F.2d 1477, 1480-82 (10th Cir.1988), petitioner's third claim for relief is moot. See Perry v. Beeler, 725 F.Supp. 391, 391-92 (N.D. Ill.1989)(habeas petitioner's release on probation mooted challenge to revocation of work release status to extent petitioner sought immediate release from incarceration); cf. Picrin-Peron v. Rison, 930 F.2d 773, 774-76 (9th Cir.1991)(habeas challenge to revocation of immigration parole was moot where petitioner had subsequently been released again on immigration parole). We, therefore, vacate the district court's decision pertaining to this third claim and remand to the district court with directions to dismiss this claim as moot. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).
 
 
 5
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and VACATED in part, and this cause is REMANDED to the district court for proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Petitioner's motion for a certificate of probable cause, see 28 U.S.C. 2253, is GRANTED