56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gilmer Lavern LAKE, Petitioner-Appellant,
v.
William L. HART, Colonel, Commandant USDB, Respondent-Appellee.
 No. 94-3212.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1995.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Gilmer Lavern Lake appeals the denial of his habeas corpus petition submitted pursuant to 28 U.S.C. Sec. 2241. Mr. Lake was an inmate at the United States Disciplinary Barracks in Leavenworth, Kansas, and complained that his due process rights were being violated by the ex post facto application of new and more onerous Department of Defense regulations relative to his parole. The district court denied the petition in an order dated June 30, 1994. Mr. Lake was unconditionally released from confinement on November 2, 1994.
 
 
 3
 The government responds that this appeal is moot because Mr. Lake has already served his sentence. We agree. In Carafas v. LaVallee, 391 U.S. 234, 237 (1968), the Supreme Court held that a petitioner's challenge of his conviction is not rendered moot by the fact that the underlying sentence has expired. That rule, however, is not applicable when the defendant purports to challenge only his sentence and the sentence has been fully served. Lane v. Williams, 455 U.S. 624, 631 (1982). In Lane, because the respondents sought only to "remov[e] the consequence that gave rise to the constitutional harm"--i.e., the sentences--and because the sentences had already expired, the Court determined it could no longer grant the respondents any effective relief. See id.
 
 
 4
 In Johnson v. Riveland, 855 F.2d 1477, 1481-82 (10th Cir. 1988), we applied the Lane rule and held moot a defendant's challenge to the computation of his sentence. We noted that the defendant "has already served the minimum sentence as commuted and has not shown any direct or collateral consequences that will survive his release on parole." Id. at 1481-82.
 
 
 5
 In the instant case, as in Lane, Mr. Lake challenges only his prison sentence. His sole contention is that the application of the new Department of Defense rules to him was unconstitutional. Thus, as in Lane, Mr. Lake is seeking only to "remov[e] the consequence that gave rise to the [alleged] constitutional harm." Because Mr. Lake's claimed consequence--i.e., his prison sentence--has come to an end, and because he has demonstrated no direct or indirect collateral consequences that survive his release from prison, see Johnson, 855 F.2d at 1481-82, we hold Mr. Lake's claim is moot.
 
 
 6
 This appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470