70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CALVA PRODUCTS, INC., Plaintiff-Appellant,
v.
BEAL, BRIDGEFORTH & BEAL; Lloyd O. Bates, Jr., Defendants-Appellees.
 Nos. 94-2187, 95-2016.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Calva Products, Inc. (Calva) appeals from two orders of the district court. We conclude that the first appeal is moot, and we reverse the district court's second order and remand for further proceedings.
 
 
 3
 Calva brought this diversity action in federal court alleging attorney negligence on the part of defendants Beal, Bridgforth & Beal (Beal) and Lloyd O. Bates, Jr. The district court dismissed the case without prejudice because Calva, a foreign corporation transacting business in New Mexico, had failed to obtain a certificate of authority to do business pursuant to N.M.Stat.Ann. Sec. 53-17-20(A). As the district court noted, we have held that "where a foreign corporation is ... barred from maintaining an action in the courts of a state until it has obtained a certificate of domestication, it cannot maintain an action in the United States Court within the state without having obtained such a certificate." Wilson v. Williams, 222 F.2d 692, 697 (10th Cir.1955). This was a final order of dismissal and Calva appealed.
 
 
 4
 Shortly thereafter, Calva obtained a certificate authorizing it to do business in New Mexico. Now that Calva has a certificate, its appeal of the district court's order no longer presents an "actual controversy extant at [this] stage[ ] of review." Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir.1988). Article III of the Constitution directs us to adjudicate only actual cases or controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). The federal judiciary cannot exercise jurisdiction over a dispute in which a judgment will not affect the legal relations of parties with adverse legal interests. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937). Calva's appeal of the first order is therefore moot, and we will not address the issues raised therein.
 
 
 5
 Having obtained the certificate of authority, and while its first appeal was pending, Calva filed a motion under Fed.R.Civ.P. 60(b) for relief from the order of dismissal. Beal opposed this motion on two alternative grounds. The district court summarily denied Calva's motion "for the reasons stated in defendant Beal, Bridgeforth & Beal's brief." Def.Supp.App. at 11. We turn, then, to the arguments accepted by the district court and review for an abuse of discretion the court's denial of Calva's motion. See Aldrich Enter., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir.1991).
 
 
 6
 Beal first argued that the district court did not have jurisdiction to consider Calva's Rule 60(b) motion while the first appeal was pending before this court. To the extent the district court grounded its denial on this argument, it
 
 
 7
 "misconstrued the scope of its jurisdiction. Although it lacked jurisdiction to grant the [Rule 60(b) ] motion due to the appeal ..., the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand.
 
 
 8
 Id. The court therefore had jurisdiction to consider and deny the motion on its merits.
 
 
 9
 Beal also argued that Calva had not met its obligations under New Mexico law. If the district court based its decision on this argument, it misconstrued state law. Calva attached to its motion a copy of its Certificate of Authority pursuant to N.M.Stat.Ann. Sec. 53-17-20(A). Beal relied on subsection C of the same statute, which provides:
 
 
 10
 A foreign corporation which transacts business in this state without a certificate of authority is liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees and franchise taxes which would have been imposed upon the corporation had it applied for and received a certificate of authority to transact business in this state as required by the Business Corporation Act ..., and thereafter filed all annual reports required by it, plus all penalties for failure to pay the fees and franchise taxes, plus a civil penalty of two hundred dollars ($200) for each offense.
 
 
 11
 N.M.Stat.Ann. Sec. 53-17-20(C). Beal contended that Calva must satisfy its obligations under this subsection to gain access to federal courts in New Mexico.
 
 
 12
 We are not persuaded. Subsection (A) conditions a corporation's access to New Mexico courts on its acquisition of a certificate of authority:
 
 
 13
 No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until the corporation has obtained a certificate of authority.
 
 
 14
 N.M.Stat.Ann. Sec. 53-17-20(A). Although subsection (C) additionally imposes tax liability, it does not incorporate subsection (A)'s limitation on access to the courts. Any tax liability that Calva incurred in the years during which it transacted business in New Mexico without a certificate of authority is the concern of the state of New Mexico.
 
 
 15
 We dismiss Calva's first appeal in No. 94-2187 as moot. In No. 95-2016, we reverse the district court's denial of Calva's motion to reinstate, and we remand for further proceedings.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470