FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TALISHA VALDEZ, on behalf of herself
and others similarly situated; JENNIFER
BLACKFORD, on behalf of herself and
others similarly situated,

     Plaintiffs - Appellants,

v.

MICHELLE LUJAN GRISHAM, officially
and individually, acting under the color of
law; DAVID SCRASE, officially and
individually, acting under the color of law,

     Defendants - Appellees.

No. 22-2112
(D.C. No. 1:21-CV-00783-MV-JHR)
(D.N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **EID**, Circuit Judges.

_____

Talisha Valdez, a mother who wanted her children to show their animals in a

state fair, and Jennifer Blackford, a nurse, both refused to get vaccinated as required

---

[*] This matter was set for oral argument on May 4, 2023, in Roswell, New Mexico. Appellants' counsel, A. Blair Dunn, acknowledged the notice for oral argument, yet failed to appear. As such, this matter is submitted on the briefs as to Appellants. Mr. Dunn is again admonished that his failure to appear for oral argument is inconsistent with the standards of practice and professionalism that apply to members of the Tenth Circuit Bar. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by a New Mexico public health order. They instead filed a class action against New Mexico's Governor and Secretary of Health. Alleging violations under federal and state law, the class action sought damages as well as injunctive and declaratory relief. The district court dismissed each federal claim for failure to state a claim upon which the court could grant relief, while declining to exercise supplemental jurisdiction over the remaining state law claims. Valdez and Blackford now appeal. Because Valdez's claims are moot and Blackford lacked standing to bring her suit in the first place, we lack jurisdiction to adjudicate their claims.

Below, the district court dismissed Valdez and Blackford's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Given our determination that there is no jurisdiction over the claims, we remand them for dismissal under Federal Rule of Civil Procedure 12(b)(1).

## I.

In the wake of COVID-19, states took many measures to reduce the virus's spread. New Mexico was no different. On August 17, 2021, the Secretary of the New Mexico Department of Health issued a public health order ("PHO"). Among other things, the PHO required "all persons who [were] eligible to receive a COVID-19 vaccine" and who wanted to "enter the grounds of the New Mexico State Fair" to "provide adequate proof of being fully vaccinated against COVID-19 . . . unless the individual qualifie[d] for an exemption." App'x Vol. I at 145. The PHO also required all congregate care facility and hospital workers to get fully vaccinated against the virus.

2

Noncompliance would allegedly have had repercussions. Fairgoers who did not show proof of vaccination or entitlement to an exemption would allegedly be denied access to the fairgrounds. And health workers who did not get vaccinated would allegedly be terminated from their positions.

Talisha Valdez had contracted to show her and her daughters' animals at the New Mexico State Fair Junior Livestock Show. But she refused to have herself or her children vaccinated. And she asserts that the PHO prohibited her and her children from attending the New Mexico State Fair to show their animals.

Jennifer Blackford worked as a registered nurse at Presbyterian Hospital in Albuquerque, New Mexico. Blackford refused to take a COVID vaccine based on her medical training and research, and she asserts that the PHO required that she be terminated from her position.

Valdez and Blackford ("Plaintiffs") brought a class action in the United States District Court for the District of New Mexico, seeking declaratory and injunctive relief against the PHO's vaccination requirements, as well as damages. They claimed that New Mexico's Governor and Secretary of Health ("Defendants") violated, among other things, substantive due process, equal protection, the contracts clause of Article I, § 10, and various rights under the New Mexico Constitution.

The district court proceeded to dismiss each of Plaintiffs' claims, and Plaintiffs now appeal that judgment.[1]

---

[1] We note that before Plaintiffs proceeded on the merits to their claims before the district court, they moved for a preliminary injunction. The district court denied

## II.

We review the court's Rule 12(b)(6) dismissal de novo. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015). That standard requires us to accept all well-pleaded allegations in the complaint as true, construing them in the light most favorable to the nonmoving party. *Id.* To withstand dismissal, a complaint must contain sufficient factual matter, which accepted as true, makes out a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To even enter federal court, however, Plaintiffs must overcome Article III's requirements. U.S. Const. art. III, § 2. Indeed, a federal court can only resolve "Cases" or "Controversies." *Id.* Importantly, when analyzing our jurisdiction over a class action suit like this, we do not speculate about the injuries of unnamed class members. We instead focus on named class representatives. Thus, Valdez and Blackford—not some "unidentified members of the class"—must have a personal stake in the outcome of the case and cannot assert claims based on injuries others have suffered. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) (citation omitted).

In this class action suit, Valdez and Blackford bring claims seeking injunctive, declaratory, and monetary relief. In the end, they each fail to meet Article III's requirements. We address both Plaintiffs in turn.

---

that injunction, and this Court affirmed. *Valdez v. Grisham*, No. 21-2105, 2022 WL 2129071, at *1 (10th Cir. June 14, 2022).

## A.

First, Valdez.[2]  Her claims face a jurisdictional hurdle:  mootness.  Article III requires that a controversy remain live "during all stages" of litigation.  *United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002).  If not, a plaintiff's claims turn moot, and a federal court has no jurisdiction to entertain them.  *Id.*  After all, "a federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997).  Proceeding otherwise would allow federal courts to issue "advisory opinions," which Article III prohibits.  *See Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023) (citation omitted).

One way a case can become moot is when a party obtains all her desired relief before a federal court decides the case.  Unless there is "any basis" that the relief will be "arbitrarily revoke[d]," "we [will] find no live controversy warranting a decision on the merits."  *Johnson v. Riveland*, 855 F.2d 1477, 1485 (10th Cir. 1988).  In such an instance, even if a party had a live controversy when initiating a suit, a federal court "cannot, consistently with the limitations of [Article] III of the Constitution, consider the substantive constitutional issues tendered."  *DeFunis v. Odegaard*, 416 U.S. 312, 319–20 (1974).

---

[2] Valdez has since abandoned her claims for injunctive relief, conceding that the State Fair has now passed, thus eliminating the need for prospective forms of relief.  *See* Aplt. Br. at 6 ("Plaintiff Valdez along with putative class members [sic] remaining claims are limited to damages.").

Here, Valdez faces a mootness problem.  On behalf of her children, she alleges an injury of the "loss of the ability to exhibit their animal(s) at the junior livestock competition of the New Mexico State Fair."  App'x Vol. I at 15.  But since the start of this litigation, the junior livestock show was cancelled anyway, and the State Fair has passed.  Not only that, Valdez and her children still had the opportunity to show their animals for free at a rescheduled event with a new venue and without a vaccine requirement.  Moreover, as of August 12, 2022, the New Mexico Department of Health has rescinded the vaccine mandates that Plaintiffs challenge.

All considered, Valdez got everything she wanted, and then some.  She and her daughters were able to show their animals free of charge.  Indeed, Valdez fails to point to any basis, let alone to argue, that Defendants will somehow "arbitrarily revoke that which has been granted." *Johnson*, 855 F.2d at 1485.  Having been afforded all the relief requested, "[t]he controversy between the parties has thus clearly ceased to be 'definite and concrete' and no longer 'touch(es) the legal relations of parties having adverse legal interests.'" *DeFunis*, 416 U.S. at 317 (citation omitted).

Furthermore, because Defendants have since rescinded the PHO, Valdez "cannot be subject to a vaccine requirement that no longer exists" and that "could not reasonably be expected to recur." *Robert v. Austin*, 72 F.4th 1160, 1164–65 (10th Cir. 2023) (declining to review mooted claims related to a rescinded vaccination policy for the military).  And "nothing in the record leads to a reasonable expectation [that she] will be subjected to the same action again." *Id.*

6

Lastly, we cannot forget the fact that the junior livestock show—the event she claims was going to deny her entry—was cancelled. Valdez fails to explain how she could suffer injury related to an event that never happened. As such, she "no longer suffers actual injury that can be redressed by a favorable judicial decision." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016).

Under Article III, a federal court may resolve only "a real controversy with real impact on real persons." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citation omitted). And we do not have that here. Valdez received all the relief she asked for. What is more, she no longer has an injury that Defendants caused and this Court can remedy. Put simply, she cannot obtain damages or other relief for not getting to show animals at an event that did not happen.[3] As such, Valdez and like class members do not have the "requisite personal interest" such that this Court may exert Article III power over their claims. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

**B.**

Next, Blackford. A different jurisdictional hurdle stands in the way of her claims: Article III standing. The parties before us did not brief whether Blackford met Article III's standing requirements, nor did the district court address this issue. Regardless, as a federal court, we have "an independent obligation to examine [our] own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And

---

[3] On this note, Valdez does not identify any other type of damages that she would be entitled to in her complaint. *See* App'x Vol. I at 24.

among other jurisdictional doctrines, standing "is perhaps the most important." *Id.* (citation omitted).

Jurisdiction—standing included—must "affirmatively appear in the record." *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). It falls on the "party who seeks the exercise of jurisdiction in his favor" to "clearly [] allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc.*, 493 U.S. at 231 (citations omitted). Specifically, "[t]he party invoking federal jurisdiction bears the burden of establishing [three] elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). That party must prove that she suffered an injury that is (1) concrete and particularized and actual or imminent; (2) fairly traceable to the challenged action of the defendant; and (3) likely redressable by a favorable decision. *Id.* at 560–61.

Moreover, as stated above, although this is a class action suit, Blackford must have a personal stake in the outcome of the case. *See Spokeo, Inc.*, 578 U.S. at 338 n.6. She cannot assert claims based on injuries others have suffered. *See id.* With that in mind, we find that Blackford only sufficiently alleges one injury—the threatened loss of her current job for refusing to vaccinate.[4] *See* App'x Vol. I at 11.

---

[4] We confine Blackford's alleged injury to her possible termination, as the complaint specifies. We note, however, that the complaint alleges that Blackford and like class members "will lose their employment in their chosen professions because they have elected not to receive" COVID vaccinations. App'x Vol. I at 16. And in a declaration, Blackford argues that the PHO "prohibits [her] from engaging in [her] chosen profession anywhere in the state of New Mexico." *Id.* at 46. This alleged injury does not move the needle. Nowhere does Blackford allege that she has applied or even wanted to work elsewhere. As such, Blackford does not adequately allege

We concentrate our analysis on the third prong of the standing inquiry: redressability.[5] That prong requires Blackford to establish that "any relief [a federal court] could have provided in this suit against" would "likely" redress her alleged injury. *Lujan*, 504 U.S. at 571. Through favorable resolution, Blackford seeks injunctive, declaratory, and monetary relief to redress her alleged injury caused by the PHO's vaccination requirement. However, in bringing this suit, Blackford only sues New Mexico's Governor and Secretary of Health. She does not join her employer, Presbyterian Hospital, as a party to this action. And that fact matters.

Importantly, a day after Defendants implemented the PHO and a day before the Plaintiffs filed their complaint, Presbyterian Hospital "announced its own, broader vaccine requirement for all employees." *Valdez v. Grisham*, No. 21-2105, 2022 WL 2129071, at *2 (10th Cir. June 14, 2022). Not only did Blackford face a requirement from her employer, but it did not take long for a federal vaccination

---

how the PHO will affect her "in a personal and individual way," so even if we considered her declaration, it fails to meet Article III's particularization requirement. *Spokeo, Inc.*, 578 U.S. at 339 (citation omitted). And even if we were to read into Blackford's "some day" intentions of applying elsewhere in the State of New Mexico, she would not have an "actual or imminent" injury because she lacks "any description of concrete plans, or indeed even any specification of *when* the some day will be." *Lujan*, 504 U.S. at 565.

[5] We acknowledge that in a prior unpublished panel decision dealing with a preliminary injunction in this case, this Court held that Blackford had standing for injunctive relief based on the finding of "an actual injury." *Valdez*, 2022 WL 2129071, at *3. Importantly, the specific issue of the lack of redressability was not before the prior panel. And this Court now focuses on that Article III requirement. We agree with the prior panel that the harm Blackford alleges may be actual, however, upon further review, we hold that a court could not redress her actual injury. *Lujan*, 504 U.S. at 560–61.

requirement to be added to the books.  Blackford's employer must impose vaccination requirements as mandated by the Centers for Medicare and Medicaid Services—requirements identical to the prior PHO.  *See* Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555, 61571 (Nov. 5, 2021) ("[A]ny individual that performs their duties at any site of care, or has the potential to have contact with anyone at the site of care, including staff or patients, must be fully vaccinated to reduce the risks of transmission of SARS-CoV-2 and spread of COVID-19.").[6]

Thus, the PHO was not the only source of a vaccination requirement—both at the time Plaintiffs commenced their class action suit and later on in litigation.  It then stands to reason that in order to "likely" redress Blackford's alleged injury—the vaccine requirement on the one hand and the threat of termination on the other—our relief directed at the PHO must somehow affect Presbyterian Hospital and the federal government's vaccine requirements as well.  *Lujan*, 504 U.S. at 561.

"In a case like this, in which relief for the petitioner depends on actions by a third party not before the court, the petitioner must demonstrate that a favorable decision would create a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered."  *US Magnesium, LLC v. EPA*, 690 F.3d 1157, 1166 (10th Cir. 2012) (citation and internal quotation marks

---

[6] The Supreme Court has since upheld the enforcement and legality of this federal vaccine requirement.  *See Biden v. Missouri*, 595 U.S. 87, 96 (2022) ("[T]he facilities covered by the interim rule must ensure that their employees be vaccinated against COVID–19.").

omitted).  Otherwise, our ability to redress a plaintiff's injury by a favorable decision would be "merely speculative," not "likely."  *Lujan*, 504 U.S. at 561 (citation and internal quotation marks omitted); *see* 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531.5 (3d ed. 2023) ("[E]ven if the challenged conduct were held unlawful, the same injury might continue to flow from an independent cause.").  For that reason, a "plaintiff lacks standing" when "redressability depends on a third party" and "no evidence suggest[s] [the] likelihood that the third party will take the action necessary to afford the plaintiff relief."  *US Magnesium, LLC*, 690 F.3d at 1166.

Based on the record before us, Blackford fails to meet her burden.  She does not demonstrate how anything we do to the PHO will affect her employer's broader vaccine requirements or the federal government's vaccine requirements.  Say we *did* provide relief against the PHO; Blackford would still face vaccine requirements that are outside the purview of this case.  A favorable decision against Defendants would not interrupt the same vaccine requirements put in place by independent third parties not joined to the case.  In other words, what Blackford wants, we cannot give her.  And that inability to provide meaningful relief deprives this Court of jurisdiction to hear Blackford's claims.

Of course, occasions may arise where "an order directed to a party before the court will significantly increase the chances of favorable action by a non-party."  *Id.* (citation omitted).  But this is not one of them.  Or at a minimum, Blackford has failed to "demonstrate . . . the likelihood" of a favorable decision affecting her

employer's separate policy. *Id.*; *see Renne v. Geary*, 501 U.S. 312, 319 (1991) (doubting whether "the injury alleged" could "be redressed by a declaration of [a law's] invalidity or an injunction against its enforcement" because the "invalidation of one [law] may not [have] impugn[ed] the validity of another" law, "the constitutionality of which was not litigated"); *id.* at 327 (Stevens, J., concurring) ("Even if we were to strike down [the challenged law] as overbroad, then, it is unclear whether respondents' alleged injury would be redressed."). Therefore, Blackford lacks standing to pursue her claims.

## III.

Below, the district court dismissed Valdez and Blackford's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Given our determination that there is no jurisdiction over the claims, we remand them for dismissal under Federal Rule of Civil Procedure 12(b)(1).

Entered for the Court

Allison H. Eid
Circuit Judge